Johnson, J.
There was no legal evidence of any encroachment by the defendant upon the street or Mghway m question. It was not originally a laid out highway, but had become a highway by having been used as. such for over twenty years preceding the 21st of March, 1797. It must be quite obvious to every one, that before it can be determined whether a particular highway has been encroached upon, its limits and boundaries must be ascertamed and determined in some mode prescribed by law. The jury wMch is called to determine the disputed ques *452 tian of an encroachment, has no power to determine the question of the width and boundary of a highway, according to the previous dedication or use, which has been neither laid out nor ascertained and described by the commissioners of highways. That duty belongs exclusively to the commissioners, and is to be performed by them in an entirely different manner. The proceedings in this case to determine the question of the encroachment evidently proceeded upon the assumption that this duty had been performed by the commissioners of highways of the town by the sur vey and order of the 1st April, 1833, which was read in evidence, But it will be seen that this was not such an order or proceeding as the statute authorised. By the first section of the ‘act of February 20, 1830, regulating highways and bridges in the counties of Suffolk, Queens, and Kings (sub, 3), the commissioners are authorized to cause such roads as have been laid out, but not sufficiently described, and such as were used as highways for twenty years or over next preceding the 21st of March, 1797, and had been worked and used as such constantly for the last six years, but not recorded, to be ascertained, described, and entered of record in the town clerk’s office. This the commissioners did not undertake to do by the proceeding and order of 1st April, 1833, referred to. What they attempted to do, as appears upon the face of the order, was “to survey, stake out, and record such width of highway as appears to be necessary for the public convenience.” This they hacino power to do. It was neither laying out a new road, nor ascertaining and describing an existing road not before described and recorded. In ascertaining and describing a road which has not been laid out, but has become a highway merely by public use for twenty years, the power of the highway commissioners is limited to ascertaining the boundaries of the road according to the actual use for the twenty years. They have no right, in the exercise of this power, to alter and change the boundaries, with refer *453 once to present public convenience. (The People v. The Judges of Cortland County, 24 Wend. 491.)
It is true, as suggested by the appellants’ counsel, that the provision of the act in question, in regard to encroachments, is not in terms confined to laid out highways, as in the revised statutes, but extends to every case of a highway encroached upon. The provisions of section eighty-five of the act, however, clearly contemplate the case of a highway, the boundaries of which have been in some way fixed and determined beforehand, as the order must describe the width of the highway and the extent of the encroachment and the place where it exists. This, obviously, could never be done unless the highway had been either laid out, or its boundaries ascertained and described. That had not been done in this case. The order of April 1, 1833, was clearly a nullity, and no foundation had been laid on which proceedings of this kind could be based. In addition to all this, the line on the defendant’s side of the highway, which was attempted to be established by that survey and order, for the public convenience, went through buildings and yards, in entire disregard of the provisions of the act. There was no foundation for the action, and the judgment should be affirmed.'
Wright, Davies, Ingraham and Hogeboom, JJ., were also for affirmance.
Denio, Ch. J.
This was not a case in whicn it was proper to take the determination from the jury by a peremptory direction to give a verdict for the plaintiffs, subject to the opinion of the general term, unless the decision depended wholly upon the documentary evidence produced by the plaintiffs. If there was any disputed question of fact to be determined, such a direction could not legally be given, and it would be a mistake for which the judgment would have to be reversed. (Cobb v. Cornish, 16 N. Y. R. 602 Gilbert v Beach, id. 606;) and see Manning v. *454 Monaghan (23 id. 539), and Clear v. McPherson, therein referred to. If, however, the commissioners’ order, and other written evidence, showed that the road in question was not such a highway as the statutory provisions respecting encroachments would apply to, the plaintiffs ought to have been non-suited. The sending of the case to the general term, after a large amount of written and oral testimony had been given, without any determination as to its effect in law or fact, was not strictly regular, but if the case is such that the plaintiffs could not possibly recover, whatever view might be taken of the paroi evidence, we ought not to reverse the judgment; for on that assumption it would be plain that the plaintiffs could never prevail in the action, and another trial would be a useless proceeding, and produce nothing but unnecessary expense. The plaintiffs appear to have claimed the road to be a highway by force of the record made in 1833, and also on account of its having been used as a highway for a long period of time. The provision in the Long Island act on the subject of highways, made such by user, is as follows: “All pub lie highways now in use, heretofore laid out and allowed by any law of this state, of which a record shall have been made in the office of the clerk of the county or town, and all road's not recorded which have been used as public highways for twenty years or more preceding the twenty-first day of March, 1797, and which shall have been worked and used as such for the last six years, shall- be deemed public highways, but may be altered in conformity to the provisions of this act.” (Laws of 1830, chap. 56, § 82.) By a provision of the first section of the act, unrecorded roads having the characteristics of user above mentioned, are to be “ ascertained, described and entered of record in the town clerk’s office,” by the commissioners of highways, and their order for that purpose is made appeal-able to the judges of the county court. (^ 66.) ■ There are several objections to the plaintiffs’ availing them *455 selves of the record of this road made in the year 1833. In the first place, the certificate of the jury who were called upon to pass upon the question of encroachment, states that they found the fact of encroachment, “ without determining the validity of the record of said highway.” This is equivalent to saying that they disregarded that record in ascertaining the existence and boundary of the street. They no doubt acted upon the evidence of user, and they considered that the passage was a highway, according to the provisions of the eighty-second section of the act. The other objections arise out of the fact that the lines as fixed by the record infringed upon a dwelling-house of long-standing, and upon several other buildings and enclosures, which seem never to have been a part of the old road. I am not of opinion that the commissioners are obliged, in acting under this power, to ascertain and describe an old road, to conform precisely to the traveled track, especially when its boundaries are crooked and irregular, or obscure, as was the case here. .They have, I think, some kind of authority, which is conferred upon them in the provision respecting encroachments, to give the road the course and width originally intended, where the actual user fairly evinces such intention, and where it can be done without interfering with orchards or gardens of ten years’ standing, or with buildings, fixtures or erections, for the purposes of trade or manufacture, or yards necessary to the use and enjoyment thereof. These they are forbidden to touch in laying out a new road without the consent of the. owner (§ 45), and there is good'reason why a like prohibition should apply where they are executing a more limited power. The evidence tended strongly, if not conclusively, to show that these limitations had not been observed in the present instance. (See The People v. The Judges of Cortland County, 24 Wend. 491,) The supreme court was, therefore, right in laying out of view the act of recording pursuant to the order of 1833; and the only *456 question is, therefore, whether proceedings as for an encroachment can be taken where the highway has never been laid out by .public authority, and where it has not been ascertained, described, or entered of record pursuant to the provisions on that subject to which I have referred. If we could look into the evidence in this case to determine such a question, it would appear to me that the defendant’s fence complained of is an encroachment upon the general course of the street as thrown out for public use, and occasionally used at that point. He, no doubt, frequently encumbered it by his wood-piles and potato-holes, but as it was in a wide street, they did not ocQasion much inconvenience, or essentially affect the integrity of the road; and the evidence is positive that when the incumbrances did not exist, it was freely used by foot passengers. But the question is, whether a road which has become a highway by the statute prescription, but which has not been recorded, can be the subject of an encroachment within the statute on which these proceedings are founded. The mandate of the statute is that they shall be deemed public highways. The only one requisite mentioned is, that they shall have been used as public highways for twenty years prior to the date mentioned; and shall have been worked and used for the last six years. There is no condition expressed that they shall have been recorded. That would have been incongruous, for the provision in terms embraces “ all roads not recorded.” The direction to the commissioners to ascertain, describe, and record such roads is found in another part of the act. If a road having the characteristics of user mentioned in this - section is held not to be, a highway for the purpose of the remedy against encroachments, it would be. difficult to maintain that it is one for any purpose. If it may be encroached upon with impunity, it.may be fenced up; it could not be legally included in a road district, and no one could be compelled to perform highway labor upon it; what is called the law of the road would- *457 not apply to it¡ and I do not see but that the owner of the soil might plow and cultivate it; and if it is not embraced in a conveyance, any person might appropriate it to his own use. It was not, I think, the intention of the legislature that such consequences should result from the nonperformance of a statutory direction. It is a familiar principle that many statutory provisions which ought to be observed do not entail upon their non-observance the nullity of the subject to which they relate, where the subject or proceeding can exist and have a certain beneficial effect, notwithstanding the omission. The provision is frequently considered directory merely, and not essential. The legislative policy is, that the public highway should be described in the local records, so that all persons should be advised of their, existence and limits, and so that the officers concerned in the administration should know the subject to which their duties relate. But when the legislature has declared that unrecorded roads possessing certain indicia of notoriety shall, notwithstanding the want of a record, be deemed public highways, all the general regulations of the common, law, and the statutes relating to highways, immediately apply themselves to the subject thus indicated.
The opinion of the supreme court, in the xpresent case, relies upon a former judgment of the same court in Doughty v. Brill (36 Barb. 488), which was decided under the general statutes of the state concerning highways. The provision there made respecting encroachments was, that “in every case where a highway shall have heen laid out, and the same shall have been encroached upon by fences,” &c., the commissioners may order them to be removed, and that a proceeding like that contained in the Long Island statute may be taken in case of refusal. Much stress was properly laid upon the expression that the highway should have been laid out. But whether that qualification was omitted in the section by design or by inadvertence, the circumstance that it is, in fact, omitted, obliges us to construe it *458 as though there was no such qualification; certain other phraseology, common to both statutes, is also relied on in the case referred to. In both it is required that the fences or buildings should be removed, so that the highway may be of the width originally intended. Every highway, whether laid out by authority or existing by prescription, must have the attribute of width; and roads by prescription are based upon the presumption of an original grant or dedication. The word intention may be predicated of such roads, -as well as of those which are laid out by commissioners of highways. It seems to me the use of that term does not strengthen the argument; for there is a presumption that if it were designed to confine the remedy to roads laid out and recorded, a reference to the act of laying out, or to the record of the road, would have been used, rather than a vague reference to the intention. The verdict would apply equally to both descriptions of roads, but not with the same precision to a recorded road. The certiorari. brought to review the proceedings before the jury, if operative for-any purpose, stayed the process of which it formed a part; but when it came to be adjudged that the allegations of error were unfounded, and the certificate was affirmed, it was established that the defendant never had any legal excuse for resisting the order of the commissioners, or for neglecting to remove the encroachment which the. certificate had found to exist. By maintaining the encroachment, in the mean time he incurred the penalties demanded by the act.
If these suggestions should be concurred in by my brethren, the judgment appealed from will be reversed, and a new trial ordered.
ítuLLDsr, J., concurred with Denio, Ch. J. -Selden, J., did not vote.
Judgment affirmed.