RALPH R. RUMERY, Respondent, *v.* LOUIS BROOKS, Appellant.

First Department, May 4, 1923.

Conversion — action to recover value of notes left with brokers and delivered by them to defendant — notes were left as security on margin account with authority to pledge — plaintiff never traded with nor became indebted to brokers — defendant, prior to plaintiff's transaction, purchased like notes from brokers but left them in brokers' possession — on demand by defendant for notes purchased brokers gave him two of plaintiff's notes — duty to deliver notes to defendant did not constitute "antecedent or pre-existing debt" within Negotiable Instruments Law, § 51 — defendant is not bona fide holder of notes and did not acquire title as against plaintiff.

The defendant purchased five United Kingdom of Great Britain and Ireland five and one-half per cent notes through certain brokers and left the notes in their possession. At that time he had a marginal account with the brokers but at the time of their failure later he was not indebted to them. A few days before the brokers failed the plaintiff left with them three notes of the same kind as security against a marginal account which he intended to open and gave the brokers authority to pledge his notes in case he became indebted to them. The plaintiff never opened an account with the brokers, did not become indebted to them and they never pledged his notes. Shortly after the plaintiff had deposited his notes, defendant demanded possession of the notes purchased by him and received two of plaintiff's notes through the brokers. The plaintiff brought this action on the theory of conversion to recover the value of the two notes.

*Held*, that the duty of the brokers to deliver the notes to the defendant did not constitute an " antecedent or pre-existing debt " within the meaning of section 51 of the Negotiable Instruments Law; that the defendant was not a *bona fide* holder of the notes, and that he never legally acquired title to plaintiff's notes and is liable for the value thereof.

Appeal by the defendant, Louis Brooks, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 1st day of June, 1922, upon the decision of the court rendered after a trial at the New York Trial Term, a jury having been waived.

*William St. John Tozer*, for the appellant.

*Kellogg, Emery, Inness-Brown & Cuthell* [*Dean Emery* of counsel], for the respondent.

McAvoy, J.:

Plaintiff and defendant were both customers of a brokerage house known as the firm of Toole, Henry & Co. This firm failed in March, 1919. In December, 1917, the defendant had purchased five United Kingdom of Great Britian and Ireland five and one-half per cent notes of the par value of $1,000 each through his brokers and had left these notes in their possession. The defendant was at the time carrying on a stock account with these brokers which was conducted on marginal operations. During the period, from the purchase of the notes down to their ultimate delivery, defendant was occasionally indebted to the brokers by reason of advances made for his account on speculative or marginal transactions.

In March, 1919, his account was unincumbered by any debt. Fourteen days before the failure of the brokers this plaintiff opened a margin account with the brokers and deposited with them three other United Kingdom notes. He intended, doubtless, to run a marginal business with these brokers, and these notes were deposited with the brokerage firm to protect the proposed account intended to be opened. He gave the brokers the usual authority to pledge in case he became indebted to them, but as a matter of fact the plaintiff never did trade with or become indebted to the brokers from the time of deposit until the time of failure, and the brokers never did, in fact, pledge plaintiff's notes, but at all times retained the identical notes in their custody. Ten days after plaintiff had deposited his notes, to wit, March 27, 1919, and four days before the brokers failed, defendant requested delivery of the five notes which he had purchased in December, 1917. The brokers delivered five United Kingdom notes to the defendant, and of these five, two were the identic notes which

the plaintiff had deposited with the brokers ten days before. The learned trial court, on stipulated facts, together with testimony of an expert witness as to the custom in respect of the deposit of securities by customers in brokerage houses, found that the plaintiff should recover the value of the notes so delivered to defendant. The plaintiff claims that there was no debt of the brokers to defendant but only a bailment of defendant's notes with them; that plaintiff's right to receive his identic notes at all times remained in him; that there never was any acquisition of a right on the part of the brokers to sell, pledge or hypothecate plaintiff's notes; that the delivery by the brokers to the defendant of plaintiff's notes constitutes a conversion of property of the plaintiff.

The defendant's claim is that the duty of the brokers to deliver five United Kingdom notes to him constituted an "antecedent or pre-existing debt," within the meaning of section 51 of the Negotiable Instruments Law, and that he is a *bona fide* holder of the notes. I think defendant's theory untenable. He was not purchasing negotiable commercial paper in due course for value at the time of the transaction, but was merely receipting for goods purchased theretofore supposedly for his account.

If the goods were not the broker's to sell and defendant was compelled to return them to the rightful owner, nothing that he did or released would have prevented the right to recredit for the value of the goods so returned or the right to demand another allotment.

The title to the two notes was always in plaintiff; his agreement with the broker to allow a repledge or sale or substitution was conditional on his trading and owing money, and since he never owed, the brokers were never authorized to sell or hypothecate.

Once the notes had become part of collateral for marginal transactions they became fungibles whose identity was lost, and any notes of similar value and tenor could have been returned on payment of the loan.

They would be no longer earmarked and a conversion could not occur by their sale or pledge to another. (*Wilson* v. *Little*, 2 N. Y. 447; *Horton* v. *Morgan*, 19 id. 172; *Graves* v. *Deterling*, 120 id. 457.)

These are well-established canons of the stockbroker and his trader but they have no application to the facts of plaintiff's and his pledgee's relation. The judgment should be affirmed, with costs.

CLARKE, P. J., DOWLING, SMITH and FINCH, JJ., concur.

Judgment affirmed, with costs.