Ruffin. C. J.
 

 In the 14th section©! the Statute concerning roads it is enacted, that ‘•all roads laid off under the provisions of the Act, shall be deemed public roads, and shall be at the least twenty feet wide” — with other provisions, that where the overseer may deem it expedient to make causeways, they shall be at least fourteen feet wide, and the earth be taken equally from each side to cover them, and that the overseers shall have all stump© and runners cut and completely cleared for the width of sixteen feet in the centre of the highways. The enactment, therefore, is positive, that road® must be laid out s© as t© be twenty feet wide
 
 •,
 
 and from the term® “at the least,” it follows, that the width of the road may be more or Jess, and that twenty feet is to be the minimum. A provision for roads of greater dimensions than the minimum mentioned is most reasonable, as the great highways of the country and those near large towns ought t© ■ be of more spacious dimensions than such as are less used. The question, however, on which the case turns, is, by whom and in what manner the width of a road is to be determined ?.
 

 
 *96
 
 There seems to be strong and decisive objections to leaving it to the discretion of the overseer. What is the public road ought not to be varying and uncertain, but determinateiy fixed in some authentic manner. That is-requisite, as well in order to ascertain the quantity of land which the public appropriates to its use, and the measure of compensation to the proprietors, as to determine the powers and duties of the overseer and the hands. An overseer, for example, is liable to indictment for suffering any part of his road to be out of repair. But, when a road has been laid off by a jury twenty feet wide and opened accordingly, it could not be maintained that, because an overseer should clear ten feet on each side, he thereby legally took the additional land from the owner and converted it into highway and subjected himself and his successors to prosecution for not keeping the addition, as well as the original road itself, in repair. And it would seem clear, that the overseer could not compel his hands to work on any place, unless he could be indicted for not clearing or repairing the same place, as a part of the public highway. Besides, a discretion to enlarge from time to time involves also a like discretion to diminish the dimensions of the road : and the latter clearly could not be tolerated, since it would put it in the power of the overseer to contract a road, though it lead to a great market town and had been laid off thirty or forty feet wide, as required by the public convenience. It is plain, therefore, that it would not be fit to invest overseers of the roads with a discretion so arbitrary and fluctuating, and one which might practically produce so many mis-chiefs. Accordingly, upon recurring to the statute on this subject, it is found that it does not vest such a discretion in the overseer, and that its provisions require the track of the road, necessarily including its dimensions, to be judicially established. The first and second sections give power to the County Court to order the laying
 
 *97
 
 out of public roads, Avhere necessary; and the fourth section enacts, that ‘‘all roads, to be hereafter laid out, shall be laid out by a jury of freeholders — which laying out*- and such damage as private persons may sustain, shall be done and ascertained by the jury on oath.” The terms, “lay out the road” and “lay off the road,” import that the jury should not only fix the course of the road, as passing particular points, but also designate it, after the manner of a survey, by its' lines: in other words, lay down the whole ground covered by the road, or specify its width. — ■ For, when it is said, that every road shall be laid out by a jury, and shall be so laid out as to be at the least twenty feet wide, it is made, the duty of the jury, upon their own judgment or under the order of the Court, to lay it out of that or such greater width as to the Court or jury may seem fit. The inquisition, being returned and sanctioned by the Court, concludes the overseer and hands, as it does the rest of the community. It is supposed not tobe common for the jury to specify the width of the road, so that it can be seen on the face of the report; and the usual course is to stake or otherwise designate the ground by marks, and refer to them in the report, so as to enable the overseer to identify the intended track of the road and open it accordingly. The appropriation of that line of road, by opening and using it as such, would subsequently sufficiently establish it to be the true line, as laid out by the jury, and constitute the public road. But if the inquisition should omit the width it would not follow that it was void ; but the road would be established, as ordered by the Court and reported by the juiy, and be deemed of the width of twenty feet along the prescribed line, since it must, by law, be of that width át all events, and there is no other limit in particular, to which it can be carried. The proceedings, by which this road was laid out, were not given in evidence, and probably were not necessary. The exception states it as a fact, that it
 
 *98
 
 was a public road. It is taken, therefore, to have been duly laid off by a jury, and, upon the grounds mentioned, to have been laid off twenty feet wide. Indeed, it is apparent, from the statement of the facts and the form of the prayer for the instructions, that, probably for a long time and up to the period of this controversy, it had been used and worked on as a road of that width. To that extent the defendant was bound and willing to work in repairing it; but the overseer did not wish that, and insisted on employing him in extending the road from its original width of twenty feet to thirty-five feet. That he had no right to do: and, as the defendant was only bound to work the public road, he incurred no penalty by refusing to work on what w7as not a part of the road. It may be said, that the public convenience may require that a road, though sufficient for public uses when laid off, should be made wider than twenty feet; which is certainly true. But, when a necessity of that kind arises, application must be made to the Court and a jury ordered to lay it off again, of the requisite dimensions. An overseer ought not to be allowed of his own head to encroach on private right, or to diminish his own responsibilities, by enlarging or lessening a public highway, as legally estab» llshed.
 

 Per Curiam Judgment reversed and
 
 venire de novo,