IN THE MATTER OF THE APPLICATION OF THE NEW YORK CENTRAL & HUDSON RIVER RAILROAD COMPANY TO ACQUIRE CERTAIN LANDS OF ELIZABETH RAU.

In proceedings under the General Railroad Act to acquire lands, the petition must contain such a description of the land sought to be condemned as will show its location and the boundaries thereof. A defective description cannot be remedied by a reference in the petition to a deed.

In such proceedings, extreme accuracy is essential to preserve the rights of all the parties.

(Argued May 22, 1877: decided June 19, 1877.) .

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, affirming an order of Special Term appointing commissioners of appraisal herein.

The petition set forth that the petitioning corporation required two parcels of land belonging to Mrs. Rau.

The first parcel was described in the petition as follows: "Beginning at a point in the centre line of Pitt street, $18\frac{6}{10}$ feet northerly from the north rail of the third track from the south of your petitioner's railroad, as now located, thence easterly in a straight line about 136 feet, to a point on the west face of the west foundation wall of the brewery building of Mrs. Elizabeth Rau, distant at right angles $18\frac{6}{10}$

feet northerly from the said north rail; thence southerly along the west face of said wall about one foot, to the south face of the south foundation wall of said building, as the same now appears above the surface of the ground; thence easterly along the south face of the foundation wall of the said brewery building, as the same now appears above the surface of the ground, about one hundred and fifty-eight (158) feet to the west line of North Clinton street, where the same intersects the line between the lands of the said Elizabeth Rau and your petitioner; and thence westerly along the north line of your petitioner's land to Pitt street; thence northerly along Pitt street to the place of beginning, hereby intending to describe and to include all the land of the said Elizabeth Rau, within the lines above mentioned, between Pitt and Clinton streets."

After a description of the second parcel of land, the petition contained the following:

"That the land now owned by your petitioner, referred to in the first parcel herein above described, was conveyed to your petitioner by Ebenezer B. Shearman and others, by deed dated January 1st, 1839, and recorded in Monroe County Clerk's office, in Liber 48 of deeds, at page 312, being a piece of land fifty feet in width, to which deed reference is herein made."

*Geo. F. Danforth*, for the appellant. The order of the General Term was appealable. (*In re R. & S. R. Co.* v. *Davis*, 43 N. Y., 137, 147; *N. Y. & H. R. Co.* v. *Kip*, 46 id., 546; *In re N. Y. C. & H. R. R. R. Co.* v. *M. G. L. Co.*, 63 id., 335.) The petition was not sufficiently signed and verified. (Chap. 140, Laws of 1852, § 14; *Page* v. *Young*, 8 N. Y., 158; *Phillips* v. *Prentiss*, 2 Hare, 542.) The words of the statute being precise and unambiguous must be complied with and the description of the land desired to be taken should be so distinct and precise that the court could see its extent and situation. (Brown's Legal Maxims, 248; 3 Kent's Com., 462; Dwarries on Statutes, 708;

*McClusky* v. *Cromwell*, 11 N. Y., 601; *Johnson* v. *H. R. R. Co.*, 49 id., 462; *B. & S. L. R. R. Co.* v. *Suprs. Erie Co.*, 48 id., 98; *In re N. Y. C. & H. R. Co.* v. *M. G. L. Co.*, 63 id., 326; *Stone* v. *Com'l R. Co.*, 4 M. & C., 122; 18 Eng. Ch., 121; *R. & S. R. R. Co.* v. *Davis*, 43 N. Y., 144; *In re Livingston*, 2 Abb. Pr. [N. S.], 21; *Vail* v. *M. & E. R. R. Co.*, 1 Zab., 190.) The necessity and extent of the appropriation was a question for the court to decide. (*R. & S. R. R. Co.* v. *Davis*, 43 N. Y., 137.) Great injury or loss to the owner's interest or even great inconvenience are sufficient reasons for denying an application of this sort. (*N. Y. & H. R. R. Co* v. *Kip*, 46 N. Y., 553; *N. Y. C. & H. R. R. R. Co.* v. *M. G. L. Co.*, 63 id., 335.)

*Edward Harris*, for the respondent.

*Per Curiam.* The description of the first parcel of land set forth in the petition, which the company seeks to acquire in this proceeding, is manifestly defective. The statute (S. L. of 1850, chap. 140, § 14) declares that the petition must contain a description of the real estate which the company seek to acquire, and this provision cannot be complied with unless there is such a description of the land as will show its location and the boundaries thereof. The easterly course, along the wall of the brewery building, terminates at a point on the west line of Clinton street, where the same *intersects* the line between the lands of Mrs. Rau and the petitioner; and thence the boundary runs westerly along the north line of petitioner's land to Pitt street. It does not appear to what point on the west this point of *intersection* is to be extended, nor where the north line is, nor what is the quantity or size of the piece of land intended to be embraced in the description. If the line runs directly west, it would run over the easterly line along the south wall of Mrs. Rau's brewery, only taking in about one foot in width for the last part of the line. If it runs to Pitt street at any other point, it does not appear to what point; if it be a triangular piece,

it does not appear how much or what the precise size of the same is. In fact, the north line of the petitioner's land is not shown, and the boundaries on that left without any certainty as to the same, and to mere conjecture. It must be determined in some other manner than by the description in the petition. The reference to the deed does not remedy the defect, for it is by no means certain what land it conveyed; and even if it should, on production, show, it is not a compliance with the statute, which requires that the description should be contained in the petition. Without this, the owner of land cannot know what portion of his lands is required; nor the commissioners what damages to appraise; nor the petitioner, the precise boundaries of the land, if the same is acquired.

In proceedings of this character, extreme accuracy is essential, for the protection of the rights of all the parties, and a failure to comply with the statute must lead to difficulty and embarrassment.

As the proceedings must be vacated upon the ground already stated, it is not necessary to consider whether the signature and verification of the petition was in accordance with the statute, or the premises in question were liable to condemnation for the use of the company.

The orders of the Special and General Term must be reversed, and application denied.

All concur, except ALLEN, J., taking no part.

Ordered accordingly.