The description of the first parcel of land set forth in the petition, which the company seeks to acquire in this proceeding, is manifestly defective. The statute (S.L. of 1850, chap. 140, § 14) declares that the petition must contain a description of the real estate which the company seek to acquire, and this provision cannot be complied with unless there is such a description of the land as will show its location and the boundaries thereof. The easterly course, along the wall of the brewery building, terminates at a point on the west line of Clinton street, where the same intersects the line between the lands of Mrs. Rau and the petitioner; and thence the boundary runs westerly along the north line of petitioner's land to Pitt street. It does not appear to what point on the west this point of intersection is to be extended, nor where the north line is, nor what is the quantity or size of the piece of land intended to be embraced in the description. If the line runs directly west, it would run over the easterly line along the south wall of Mrs. Rau's brewery, only taking in about one foot in width for the last part of the line. If it runs to Pitt street at any other point, it does not appear to what point; if it be a triangular piece, *Page 194 
it does not appear how much or what the precise size of the same is. In fact, the north line of the petitioner's land is not shown, and the boundaries on that left without any certainty as to the same, and to mere conjecture. It must be determined in some other manner than by the description in the petition. The reference to the deed does not remedy the defect, for it is by no means certain what land it conveyed; and even if it should, on production, show, it is not a compliance with the statute, which requires that the description should be contained in the petition. Without this, the owner of land cannot know what portion of his lands is required; nor the commissioners what damages to appraise; nor the petitioner, the precise boundaries of the land, if the same is acquired.
In proceedings of this character, extreme accuracy is essential, for the protection of the rights of all the parties, and a failure to comply with the statute must lead to difficulty and embarrassment.
As the proceedings must be vacated upon the ground already stated, it is not necessary to consider whether the signature and verification of the petition was in accordance with the statute, or the premises in question were liable to condemnation for the use of the company.
The orders of the Special and General Term must be reversed, and application denied.
All concur, except ALLEN, J., taking no part.
Ordered accordingly. *Page 195