G. H. & S. A. R. R. Co. v. MUD CREEK I. A. & M. Co.

(No. 2745, Op. Book No. 4.)

APPEAL from Kinney County.  Opinion by WILLSON, J.

§ 393. *Condemnation of land for right of way of railroad.* Art. 4182, Rev. Stats., provides: "If such company and said owner cannot agree upon the damages, it shall be the duty of said company to state in writing the real estate and property sought to be condemned, the object for which the same is sought to be condemned, the name of the owner thereof, and his residence, if known, and file the same with the county judge of the county in which such property is situated." While it is an inherent right in every sovereignty to appropriate the private property of its citizens or subjects to public use, the exer-

cise of this right must be by virtue of legislative action, providing for a determination of the taking, and directing the occasions, modes, conditions and agencies for its exercise. [Cooley on Con. Lim. 528.] In a proceeding under a statute providing for the condemnation of private property for public use, the party claiming such condemnation must show a strict compliance with such statute. [7 Wait's Acts. & Defs. 566; 6 id. 286; 5 id. 301; R. R. Co. v. Smith, 78 Ill. 96; Comm'rs v. Beckwith, 10 Kans. 603; County v. Humphreys, 47 Ga. 565; Mills on Em. Dom. 90.]

§ 394. *Petition and proceedings in.* In proceedings of this character extreme accuracy is essential for the protection of the rights of all the parties, and a failure to comply with the statute must lead to difficulty and embarrassment. [R. R. Co. v. Rau, 70 N. Y. 191.] Under our statute, the written statement provided for by art. 4182 is the initiatory step, and it is by virtue of this step that jurisdiction over the subject matter involved is acquired. If the statement is not in compliance substantially with the statute, it is a nullity and cannot confer jurisdiction. Whether excepted to or not, if it is insufficient, the court must, of its own motion, hold the proceeding under it to be *coram non judice* and void. [Johns v. Marion Co. 4 Oregon, 46; Clement v. Burns, 43 N. H. 609.]

§ 395. *Designation of property; certainty of.* A most necessary portion of the written statement is a proper designation of the real estate or property sought to be condemned. This designation must be sufficiently certain to identify the particular portion of the land over which the right of way is sought. Without this, the owner of the land cannot know what portion of his land is required, nor the commissioners what damages to appraise, nor the petitioner the precise land acquired; nor can the decree of the court vest the easement in any particular land. It is the right of the owner of the land to know exactly the precise land taken,

and it is also the right of the party acquiring to know that which he has acquired. [R. R. Co. v. Rau, 70 N. Y. 191; R. R. Co. v. Sanford, 23 Mich. 418.] It is said the certainty required in such descriptions is of the same nature as that required in conveyances of land, so that a surveyor could go upon the land and mark out the land designated. The taking of the land is in the nature of a conveyance from the owner, and he is entitled to know how much land is taken from him, and the exact boundaries of what remains. [Mills on Em. Dom. sec. 115; R. R. v. Lee R. R. 118 Mass. 391.]

§ 396. *Description insufficient.* Where the written statement or petition filed mentioned generally three separate surveys over which the right of way was desired, but did not designate the particular location of such right of way, nor the length, breadth, course, distance or area thereof, *held*, that it in fact contained no description whatever of the land sought to be condemned. Appellant had the right to enter upon appellee's land for the purpose of surveying its line of road [Rev. Stats. art. 4168], and hence there can be no valid excuse for a failure particularly to describe in the statement the land wanted for its right of way.

§ 397. *Title to land; not involved in condemnation proceedings.* Where it was claimed that the land belonged to other parties, and not to appellee, *held*, that proceedings to condemn lands for the use of a corporation, in virtue of the right of eminent domain, do not involve the question of title to the land. The petitioners must ascertain the true owner of land they wish to acquire, and make him a party; the petition assumes his title. He, in his turn, is not called upon to prove title; it stands conceded. The commissioners have no jurisdiction of the question of title, only of that of damages. [6 Wait's Acts. & Defs. 302; R. R. Co. v. Laurie, 63 Ill. 264.]

May 26, 1883.                    Reversed and dismissed.