THE PEOPLE *ex rel.* JOHN L. COOK *et al., v.* EGBERT H. HILDRETH *et al.*

*N. Y. Supreme Court, Second Department, General Term, May* 13, 1889.

1. *Highways. Commissioners.*—Commissioners of highways are not bound by the route stated in the petition, but the departure from it must not be so great as to wholly disregard the preliminary proceedings.

2. *Same. Appeal.*—An appellate court, where the general route is followed and the end proposed reached, should not, without any knowledge of the obstacles in the proposed route, or the expense of building it, as compared with the one built, or with the different grades, interfere with the conclusion of the commissioners and the referee appointed by the county court on appeal.

*Certiorari* to review the proceedings of highway commissioners in laying out a highway.

*George F. Stackpole,* for relator, appellants.

*E. A. Carpenter,* for respondents.

BARNARD, P. J.—In April, 1887, the commissioners of highways of the town of Southampton, upon a proper petition and certificate of a jury, laid out the road in question.

The petition asked for a different terminus at each end of the new road. This difference was not very great, being probably within 200 feet at one end, and about 1,000 feet from the one proposed at the other end.

The relator appealed, and the referee appointed by the county court affirmed the order of the commissioners in March, 1888. The relator, in April, 1888, obtained a writ of *certiorari* to review the order of commissioners. Such writ, by section 2125 of the Code Civil Procedure, must be obtained within four months after the "determination becomes final and binding on the relator." Was the commissioners' order erroneous on the merits, in that it did not

conform to the application? The rule is that the commissioners are not bound by the route stated in the petition. The departure from the route must not be so great as to warrant that the preliminary proceedings have been wholly disregarded. Hallock *v.* Woolsey, 23 Wend. 328.

The review on the merits was conclusive on the merits. The map annexed to the papers shows that the general route was followed, and the end proposed by the petition, the connection of the two roads by a new road, was reached, and it would be improper, for an appellate court, without any knowledge of the obstacles in the proposed route, or the expense of building it, as compared with the one built, or with the different grades, to interfere with the conclusion of these two tribunals.

Is the commissioners' order the final order?

As has been observed, it was appealed from by relator, and affirmed on appeal. In the case of Lawton *v.* Commissioners of Highways (2 Caines' Reports, 179), the writ was sent to the judges, and it was held that they were only bound to return the proceedings had before them, but that the writ was properly sent to the judges. This seems still to be the correct practice. A reversal of the commissioners' order by this writ, would leave the reference order, affirming the opening on the merits, still standing.

If the record is to be considered as made up by the commissioners' order and the order of affirmance, the Code of Civil Procedure, section 2129, provides that the writ may be sent to anybody who has any paper to be certified in relation to the writ. There is nothing to show an appeal from the commissioners' order, except the affidavit, which is no part of the case, so that strictly the writ was allowed after the statute's time to obtain it had expired. It cannot be allowed, except within five months after the order became final and binding. Strictly, from the return alone, the final order was in April, 1887, and the writ was obtained in April, 1888.

Again, whether a party having a remedy by appeal, can have a writ of *certiorari*, which was decided in the negative, in the case of Saratoga R. R. *v.* McCoy (5 How. Pr. Rep. 378), is a question presented, if the affidavit of the relator in reference to the appeal is considered.

These questions need not be decided, as we do not think the case shows any reason for a reversal of the commissioners' order, assuming the writ to be obtained within time, and to be a proper remedy.

The order should, therefore, be affirmed, with costs, and the writ quashed.

All concur.