DETERMINED IN THE

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## December, 1889.

In the Matter of the Application of the METROPOLITAN ELEVATED RAILWAY COMPANY, Respondent, v. FRANCIS J. DOMINICK, Appellant.

THE SAME, Respondent, v. WILLIAM P. DOUGLASS, Appellant.

In the Matter of the Application of the NEW YORK ELEVATED RAILWAY COMPANY, Respondent v. SUSAN A. BALDWIN, Appellant.

*Eminent domain — precision required in the description of the property rights sought to be taken — allegation as to inability to agree with the owners as to the price to be paid.*

In a proceeding by a railroad company to condemn property rights, extreme accuracy is required in the description of the property sought to be acquired, and there must be no uncertainty in such description or in the degree of interest sought to be acquired.

A petition filed by an elevated railroad company, in proceedings to condemn property, stated, that for the purposes of its incorporation, etc., there "is required so much of the property, easements or other interests in the streets aforesaid, hereinafter described, as has been taken," etc. A further specification mentioned "the property, easements or other interests in said streets, and intersecting streets, appurtenant to or part of, or constituting the street in front or along side of the lots and premises in this subdivision hereinafter described,

respectively, as has been taken by reason of the construction and maintenance of the elevated railway of the petitioner, as the same is now constructed and maintained, with two rows of columns in said street, and a superstructure carrying tracks upon transverse girders spanning the street, and as has been or may be required by reason of the operation of said railway with cars," etc.

*Held*, that the term of the description "may be required" was too indefinite a statement of the rights to be condemned, upon which to estimate the proper compensation to be awarded.

That the petitioner should have pointed out to each owner the surrounding conditions, and thus have indicated how he was to be affected.

An allegation in the petition, "upon information and belief that your petitioner has not been able to acquire title to the real estate so taken as aforesaid, and is unable to agree for the purchase thereof with the persons who own, or have or claim to own, or have, estates or interests in the said real estate, and the reason of such inability is that they will not sell the same to your petitioner for a reasonable compensation," is insufficient. What is meant by the word "reason" in the statute is the ground of inability to purchase, and that ground must be the statement of some fact.

APPEALS by Francis J. Dominick, William P. Douglass and Susan A. Baldwin, respectively, from orders entered in the office of the clerk of the county of New York, respectively, October 30, October 31 and November 2, 1889, overruling objections to the respective petitions in the above-entitled matter.

*E. C. Perkins*, for the appellant Dominick.

*E. B. Whitney*, for the appellant Baldwin.

*Jay & Candler*, for the appellant Douglass.

*Julien T. Davies*, for the companies, respondents.

BARRETT, J.:

There are but two objections to the petitions which should be considered upon these appeals. The first is that they do not sufficiently describe the property sought to be acquired. The second, that the reason of the petitioners' inability to acquire title has not been sufficiently stated.

The other objections were properly overruled. They were either untenable or doubtful. Among the untenable objections was, that which went to the root of the proceeding and denied the petitioners right *in toto*. My views upon that head, have already been expressed

at Special Term in an unreported opinion * (see Daily Register, April 14, 1888), and I adhere to those views. Under the act of 1850 (chap. 140, §§ 14, 21), as amended by chapter 649 of the Laws of 1881, there can be no doubt of the petitioners' general right to proceed in the present way, notwithstanding the fact that the road has been constructed and that the past use of these easements without compensation, may be deemed a continuing trespass. This was the clear intimation given in *Henderson* v. *New York Central Railroad Company* (78 N. Y., 423); and it harmonizes with the views expressed in *Prospect Park and Coney Island Railroad Company* (67 N. Y., 371). (See, also, *Ford* v. *C. and N. W. R. R. Co.*, 14 Wis., 609.)

Among the doubtful objections is that which rests upon the provision of the statute requiring railroad corporations, in their petition for the condemnation of real estate, to state that " it is the intention of the company in good faith to construct and finish a railroad from and to the places named for that purpose in its articles of association." We think this statement or its equivalent was essential. It is one of the facts which the property owner may controvert and

---

* The unreported opinion referred to was filed April 13, 1888, and was as follows: " (1.) The petitioner may maintain a proceeding of this character notwithstanding the construction of the road. If the easement is necessary for the maintenance or operation of the road, it can be condemned under the statute. (2.) The suit in the Superior Court is not a bar to this proceeding. The court there simply found that the owner's interest had been depreciated in a given sum, and that an injunction should run against the companies unless they chose to pay such sum. The companies are not bound to accept this condition. They may, if they choose, proceed under the statute. Such is the effect of the language used by DANFORTH, J., in *Henderson* v. *Railroad Company* (78 N. Y., 438). Whether, in view of the express finding of fact as to the quantum of depreciation, that matter is *res adjudicata* may be questionable. The contention against that theory is that the finding was not the subject of a judgment, and consequently was not binding upon the parties. The judgment was for damages for the wrong done, and an injunction against its continuance. True, the court said that the injunction should not go into operation, provided the defendant chose to pay, in addition to the fixed damages, $9,000 for the general depreciation. But there is no judgment for this latter sum, and the finding of fact on that head was solely for the purpose of providing a definite basis for the condition. At all events, this finding is not conclusive upon the right to proceed under the statute. Whether it is conclusive upon the commissioners may well be left for determination when the question properly arises before them. It follows that the application should be granted."

disprove. As the question is one of the company's intent, the burden of proof is upon them. (*In re N. Y. C. R. R. Co.*, 66 N. Y., 407.) The petitions do not state this fact. They do state, however, what are claimed to be equivalent facts, namely, that under acts of the legislature and the determination of commissioners duly appointed pursuant to certain statutes, particular routes were designated and established for these companies, and that each of said companies has "constructed, maintained and operated *a railway* which *it was so authorized* to construct, maintain and operate." Of course, if the companies have completed the railways which they offered and were authorized to construct, they cannot be required to express, under the solemnity of an oath, an intention to do what has already been done. If, however, they have not completed the railways "from and to the places named in their articles of association," or from and to the places mapped out for them by legislation, or by the action of duly authorized commissioners, they should be required to comply with the statute and state, under oath, their intention in good faith to so complete. The doubt here is as to the form of the averment read in connection with the other facts. It is such a doubt as should not be solved upon a mere preliminary objection. Counsel declare that the intention was to aver completion of the entire road which each company was authorized to construct, and the averments are, perhaps, sufficient to comprehend that purpose. This raises a question of fact which must depend upon the proofs, for the court cannot take judicial notice of the reports of commissioners or of actual construction thereunder. (See *Porter* v. *Waring*, 69 N. Y., 250.) The question should, therefore, be reserved until the proofs on the subject are all in, when it can be disposed of, properly and, advisedly, as a question of fact. The two objections, however, which I premised by stating, were well founded.

The description of the property sought to be acquired was insufficient. In this particular, extreme accuracy is required (*In re N. Y. C. and H. R. R. R. Co.*, 70 N. Y., 191), and there must be no uncertainty in the description of the property to be taken *nor in the degree of interest to be acquired.* (*Matter of Water Comrs. of Amsterdam*, 96 N. Y., 361.) What it is understood that the companies here desire to condemn is the property owner's easement of

light, air and access appurtenant to his property. But it is impossible to say what specific rights are claimed under these petitions or what burdens are to be compensated for. After stating that for the purposes of its incorporation, etc., there "is required so much of the property, easements or other interests in the streets aforesaid, in this paragraph hereafter described, as has been taken," etc., the petition proceeds to specify what is sought. It states this in a series of subdivisions, of which the following is a sample:

"So much of the property, easements or other interests in said Greenwich street and intersecting streets, appurtenant to or part of or constituting the street in front or along side of the lots and premises in this subdivision hereinafter described, respectively, as has been taken by reason of the construction and maintenance of the elevated railway of the petitioner, as the same is now constructed and maintained, with two rows of columns in said street and a superstructure carrying tracks upon transverse girders spanning the street, and, *as has been and may be required* by reason of the operation of said railway, with cars and trains of cars thereon necessary for the transaction of the business of the petitioner according to the statutes, conditions and requirements aforesaid."

How can the commissioners tell what "may be required" in the future? And how can any one estimate the proper compensation to be awarded therefor? The learned counsel for the companies makes an ingenious answer to this objection, but its very subtlety shows that the requisite clearness and precision are wanting. He would have us qualify the expression "may be required" by the preceding words "as has been taken" and thus make the paragraph read "so much of the property *which may be required* as has been taken."

This will not do. It is a strained and unnatural reading of the sentence. The property owner's rights should not be left even to doubtful, though plausible, construction. If, by-and-by, an additional burden were sought to be imposed, a very much stronger argument than the present could be made in favor of the claim that it was covered by the expression in question. Apart from this, we think the description is loose and indefinite as to what has been taken and as to the precise burden to be permanently imposed.

The description of the structure is in the most general terms, and

the easements are not specifically defined. The petitioners should have pointed out to each owner, the surrounding conditions and thus have indicated how he was to be affected. Thus, and thus alone, can the petitioners practically set forth what they desire to take and secure. The court can then determine whether they have a right to take the property sought for the purposes set forth, and, if they have, to indicate clearly to the commissioners the scope of the easement and the precise subject upon which their judgment is to operate.

The second objection is made to the following paragraph of the petition :

" Upon information and belief, that your petitioner has not been able to acquire title to the real estate so taken as aforesaid, and is unable to agree for the purchase thereof with the persons who own or have, or claim to own or have, estates or interests in the said real estate, and the reason of such inability is that they will not sell the same to your petitioner for a reasonable compensation."

The difficulty here is, that no reason is stated as matter of fact. The companies say, in substance, that they have been informed by some one, and believe, that the property owners will not sell for a reasonable compensation. By section 13 of the act it is provided that the company may apply in case it " is unable to agree for the purchase " of the required property. But the company cannot say that it is unable to agree with the property owner until it has tried to do so. The purpose of the statute would be frustrated if the company were permitted to state its conclusions or its beliefs upon mere hearsay. The statement of the reason is essential to jurisdiction. (*In re Marsh*, 71 N. Y., 315.)

What is meant by the word " reason " is, the *ground* of the inability to purchase, and that ground must be the statement of some issuable fact. How do the companies know, upon what information do they believe, that the property owners will not sell for a reasonable compensation ? No fact is stated which justifies any such opinion or conclusion. And to say that a person *will not* do a thing is to state nothing but a conclusion. To say that *he has refused* to do a thing is to state a fact. By this form of averment the plain provisions of the statute have been disregarded. If such a course were to pass unchallenged and uncondemned, railroad companies need never try to agree with the property owner, and yet an honest endeavor, in

good faith, to so agree is, a prerequisite to their seeking the aid of the court.

It follows that these objections must be sustained.  As, however, the petitioners may possibly be able to supply the necessary averments upon the head last discussed, and may also be able to cure the defects of description, they should have leave, if so advised, to apply at Special Term, upon proper papers, for an amendment of the present petitions and proceedings.  And if such amendment be granted, the present proceedings may stand and be continued.

The orders appealed from should be reversed, with ten dollars costs in each case, and the usual disbursements, and the motions to dismiss the proceedings granted without prejudice to the institution of fresh proceedings, and also without prejudice to the application to amend hereby permitted, if the petitioners are so advised.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

So ordered.