THE PEOPLE OF THE STATE OF NEW YORK ex rel. MATILDA CECIL *v.* ARINGTON H. CARMAN and Others, Commissioners, etc.

*Highway — laid out by commissioners under chapter* 568 *of* 1890, §§ 83–84 — *departure from the route described in the application.*

Commissioners appointed by the County Court under sections 83 and 84 of chapter 568 of the Laws of 1890 (the Highway Law) to lay out a highway are not bound to follow the route of the petition for the road with precision.

In such a proceeding, the application was for a road "beginning at a highway through East Quogue at the southwest corner of land of N. S. Jackson and running from thence southeasterly to the southeast corner of the land of W. D.

Benjamin and Mrs. George Cecil, continuing from thence northerly to the bay or creek ; " the commissioners went beyond the land of Benjamin eight rods in the same direction and then north to the creek.

*Held*, that this extension of one of the corners beyond the point designated in the petition was not a sufficient ground for reversing the action of the commissioners;

That such departure was not only within the power of the commissioners, but was one which should have been made if thereby a better road was obtainable.

CERTIORARI to review the determination and decision of Arington H. Carman, Henry L. Griffin and George B. Reeve, commissioners appointed by the County Court of Suffolk county to determine upon the necessity of a highway proposed to be laid out at East Quogue, in the town of Southampton, in said county, and to assess the damages by reason of the laying out of said highway through the improved lands of Matilda Cecil and others.

The decision of the commissioners was filed in the town clerk's office of the town of Southampton on the 28th day of March, 1892. The writ of certiorari was granted by a justice of the Supreme Court at Special Term on the 25th day of July, 1892.

*E. A. Carpenter*, for the relator.

*Nathan D. Petty*, for the defendants.

BARNARD, P. J. :

John Quinn and others, inhabitants of Southampton, Suffolk county, liable to be assessed for highway labor, applied to the commissioners of highways of the town to lay out a highway. The commissioners of highways refused, and the same petitioners applied to the County Court, under chapter 568, Laws of 1890, sections 83 and 84, for the appointment of commissioners to lay out the highway and to assess the damages occasioned thereby. The commissioners laid out the road and certified relator's damages for the land which was taken therefor from the relator, Mrs. Cecil. Mrs. Cecil obtained a writ of certiorari to reverse the adjudication, and she alleges three reversible errors on the part of the commissioners. The application was for a road : Beginning at a highway through East Quogue at the southwest corner of land of N. S. Jackson and running from thence southeasterly to the southeast corner of the land of W. D. Benjamin and Mrs. George Cecil, continuing

from thence northerly to the bay or creek. The commissioners went beyond the land of Benjamin eight rods in the same direction before running north to the creek. This departure was not only within the power of the commissioners, but was one which should have been made if thereby a better road was obtained. The commissioners are not bound to follow the route of the petition for the road with precision. The proposed road was between two ponds and the road exactly meets the petition. The extension of one of the corners further than the petition was, therefore, not erroneous. (*People ex rel. Cook* v. *Hildreth*, 5 N. Y. Supp. 308.)

The relator also avers for error that the road goes through his orchard yard, lawn and flower garden. The proof failed to show the fact alleged. The relator's house is on an uninclosed field and the road interferes with no part of it used as a lawn, yard or flower garden within the spirit and intent of the statute. Besides this, by the certificate of the commissioners, the road as laid out through the relator's orchard yard would be good as a step by way of the County Court to obtain the road. The questions raised upon the merits are not sustained by the evidence. The particular objections made to the road by the owners Benjamin and Cecil, to the road as proposed, were that a highway on Benjamin's land and in front of Mrs. Cecil, would be exceedingly objectionable to those owners. The commissioners carried the road beyond Mrs. Cecil's house and beyond the Benjamin south line.

The order of the commissioners laying out the road applied for, should be affirmed, with costs.

PRATT, J., concurred.

Order laying out highway affirmed, with costs.