Matter of the Application of JAMES FEENEY to Lay Out a
Highway in the Town of New Scotland.

(County Court, Albany County, May, 1897.)

1. Highways — Laying out — Report must designate width of road.
    Failure of the commissioners appointed to lay out a proposed high-
    way to comply with section 90 of the statute by designating the
    width of the highway is a defect which the County Court has no
    power under section 89 to correct.
2. Same — Damages.
    If the commissioners shall decide that a substantial variance is to
    be made from the route designated in the petition, they should notify
    the landowner of such fact before evidence is received upon the
    question of damages, so that the witnesses can give testimony based
    on the route the highway is to take.
3. Same — Alteration of route.
    The commissioners have no authority to so far depart from the
    route stated in the petition as to warrant the assumption that the
    preliminary proceedings have been wholly disregarded.
4. Same — Awards.
    The court has no power or authority to interfere with the findings
    or decision of the commissioners on the question of damages.

MOTION to confirm report of commissioners appointed in pro-
ceedings to lay out a highway.

John W. Walsh, for petitioner.

Dyer & Ten Eyck, for Chester F. Dearstyne, owner.

Smith O'Brien, for the town.

GREGORY, J. This is a motion on behalf of James Feeney to confirm the decision of the commissioners heretofore appointed in this matter.

The town of New Scotland and Chester F. Dearstyne, one of the landowners interested in this matter, have appeared and object to the confirmation of the report, and move that the same be set aside on various grounds.

The petition in this matter asks that commissioners be appointed for the purpose of laying out a highway in the town of New Scotland, and describes as nearly as practicable the route which the petitioner suggests to the court should be adopted in case the commissioners find that the highway be necessary.

Commissioners were appointed pursuant to the prayer of the petition, and after viewing the premises and hearing the evidence of the different parties interested in these proceedings, have made their decision in writing, and the same has been duly filed according to the provisions of the Highway Law.

I have examined the report and evidence with some care, and find that the commissioners have failed to comply with the provisions of the Highway Law contained in section 90 of said law, in that they have not designated the width of the proposed highway. It is true that they have described the course which they, in their judgment, decide that the road should be laid out.

Section 89 of the Highway Law contains the following provisions: " Within thirty days after the decision of the commissioners shall have been filed in the town clerk's office any party interested in the proceeding may apply to the court, if in session, or to the county judge appointing the commissioners, for an order confirming, vacating or modifying their decision, and such county judge may confirm, vacate or modify such decision. If the decision be vacated the court or judge may order another hearing of the latter before the same or other commissioners. If no such motion is made, the decision of the commissioners shall be deemed final. Such motion shall be brought on, upon the service of papers upon

35

adverse parties in the proceeding, according to the usual practice of the court in actions and special proceedings pending therein; and the decision of the county court or judge shall be final, excepting that a new hearing may be ordered as herein provided."

Thus it will be seen that the court has power to modify the decision of the commissioners to a certain extent, but I do not think that this provision of the statute authorizes the court to determine the width of the highway. In every case the width is one of the chief attributes of a highway, and this question is clearly one for the commissioners to decide; and it is one necessary element of any highway to have its width clearly designated. Talmage v. Huntting, 29 N. Y. 447, 452, 458.

" In these proceedings extreme accuracy is essential to preserve the rights of all parties." Matter of N. Y. C. & H. R. R. R. Co., 70 N. Y. 191.

Another question has been presented for the consideration of the court by the counsel for Mr. Dearstyne, namely: That the commissioners have failed to award him proper and suitable damages for the taking of the land through which the proposed highway shall pass, and damages which are properly incident thereto, and which he claims should be allowed him.

An examination of the testimony on this branch of the case will show that numerous witnesses were sworn in the owner's behalf, who testified as to what their opinion was as to the damages which he would sustain in case the proposed highway were laid out according to the petition herein. These estimates, as I remember, range from somewhere in the neighborhood of from $700 or $800 to $2,000, and the commissioners have awarded him the sum of $70 as damages to his property, caused by the construction of the proposed highway.

This evidence of the damages was based upon the theory that the new highway would proceed along the lines, or substantially so, as laid down in the petition, but the commissioners have seen fit to locate the road in an entirely different place, and along entirely different lines than those proposed in the petition, and the landowner, Mr. Dearstyne, so far as the report in these proceedings shows, was not, prior to or at the time the evidence was given upon the question of damages, notified, or even had intimated to him or his counsel, that the commissioners had the intention of laying out the proposed highway in any other place than that

designated in the petition. The route of the highway as laid out by the commissioners, as I understand it, is from one-eighth to a quarter of a mile distant from the route of the highway designated in the petition.

It is true that the commissioners are not absolutely bound to follow the lines proposed for a highway in laying one out, but it seems to me that, in fairness to the landowner, if the commissioners shall decide that a substantial variance is to be made in laying out the proposed highway from the route designated in the petition, they should notify the landowner of such fact before evidence is received upon the question of damages, so that the witnesses can give testimony based upon the route the highway is to take. This the commissioners have not done, and they have given no reason, or stated any grounds in their report, why they have arbitrarily ignored the testimony given by witnesses upon the question of damages in deciding that question.

The commissioners have no authority to so depart from the route stated in the petition as to warrant the assumption that the preliminary proceedings have been wholly disregarded. Hallock v. Woolsey, 23 Wend. 328; People ex rel. Cook v. Hildreth, 24 N. Y. St. Repr. 458.

I do not think that under section 89 of the Highway Law the court has any power or authority to interfere with the findings or decision of the commissioners upon the question of damages. That is purely a question for the commissioners to decide. Const., art. 1, § 7.

I have decided to vacate and set aside the decision and report of the commissioners herein, and to order a new hearing under the authority given to the court by section 89 of the Highway Law.

Let an order be entered vacating and setting aside the decision and report of the commissioners herein, and ordering a new hearing before William F. Rathbone, Franklin M. Danaher and Barent T. Waldron, who are hereby appointed as commissioners to hear and decide the matter.

Ordered accordingly.