Matter of the Application of CHRISTIAN F. KING to Lay out a Highway in the Town of Southold, and the Assessment of Damages Therefor.

(County Court, Suffolk County, January, 1904.)

Highway — Commissioners appointed to lay out one cannot materially depart from the route stated in the petition — Failure to fix the width of the highway.

Commissioners appointed to lay out a highway may make a slight variation from the road as applied for but they cannot so far depart from the route stated in the petition as to warrant the assumption that the preliminary proceedings have been entirely disregarded by them.

Where the questions they tried, and those upon which all the evidence was given, were whether the highway, extending from a main road to a bay, was a necessity, and what the damages were in such case, and their decision granted the highway for only a part of the distance and they determined the damages on the same basis, although all the owners were not similarly affected, and also failed to specify in their decision the width of the highway, the court granted a motion to modify their decision.

MOTION to modify the decision of commissioners appointed by the County Court to lay out a highway.

Herbert L. Fordham, for motion.

Charles R. Lyon, for applicant.

Albertson Case, for commissioner of highways.

JAYCOX, J.   The commissioners appointed by the County Court in this matter have made a decision by which the application is granted as to about one-half of the road, and denied as to the remainder.   An application is now made to modify this decision so as to deny the application for the road *in toto,* and in support of this motion it is urged that an application was made for one road, and the commissioners granted another.   The rule has been for some time established that a slight variation may be made by the commissioners from the road as applied for, but the commissioners have no authority to so far depart from the route stated in the petition as to warrant the assumption that the preliminary proceedings have been wholly disregarded (Hallock v. Woolsey, 23 Wend. 328; People ex rel. Cook v. Hildreth, 24 N. Y. St. Repr. 458; People ex rel. Cecil v. Carman, 69 Hun, 118), so the question in this case is as to whether this was such a material departure from the road as applied for as would make it practically a new highway.   In my estimation it is.

The questions tried before the commission were:

*First.*  Was the highway extending from the main country road to the bay a necessity?  This was the question in relation to which all the witnesses gave their testimony, and which the opponents of the road endeavored to have denied.

The question of necessity for the distance granted was not raised, and the persons opposing the highway had no opportunity of meeting that issue.

The question of damages, the second question involved, was also  determined upon the same basis.   It may be fairly assumed that the major portion of the property affected would be damaged to the same extent by the road going to this distance as it would by going the entire distance applied for; not so the property of Bartlett and others.   The road as proposed  crosses it entirely, and the road as opened goes part way across and stops.   Their testimony was entirely addressed to the question of damages if the road went clear across the property as proposed.   They had no opportunity to give testimony as to the amount of damages if the road

31

City Court of New York, January, 1904.          [Vol. 42.

stopped at the place at which the commissioners have ended it. The commissioners thus determined questions which the parties had no opportunity of litigating.

There is, in my opinion, a further fatal objection to the decision, and that is no width is specified in the decision. This I deem an essential requisite to laying out a highway. Without it the commissioners of highways would have nothing to guide them in laying out the highway. "In every case the width is one of the chief attributes of a highway, and this question is clearly one for the commissioners to decide, as it is one necessary element of any highway to have its width clearly designated." Talmage v. Huntting, 29 N. Y. 447, 452, 458; Matter of Feeney, 20 Misc. Rep. 272.

In these proceedings extreme accuracy is essential to preserve the rights of all parties. Matter of New York Central & Hudson River Railroad Co., 70 N. Y. 191.

The motion is granted.

Motion granted.