### SUFFOLK COUNTY TELEPHONE CO. v. GAMMON et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

EMINENT DOMAIN—TELEPHONE LINE—CONDEMNATION — EASEMENTS — DESCRIPTION.

A petition to condemn a right of way or easement over defendant's land for a telephone line, describing the right sought to be condemned as a "right of way or easement for the plaintiff's line of telephone wires and fixtures along, across, and upon the following parcels of land," etc., was fatally defective for failure to describe the size, number, and location of the poles intended to be erected, their height, etc., and the manner in which the wires were to be strung.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Eminent Domain, §§ 515, 516.]

Appeal from Special Term, Suffolk County.

Condemnation proceedings by the Suffolk County Telephone Company against Louisa H. Gammon, impleaded with others. From an order in favor of complainant, defendant Gammon appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Charles H. Street (Leander B. Faber, on the brief), for appellant. Ralph J. Hawkins, for respondent.

MILLER, J. The defendant appeals from an order denying a motion to dismiss a petition in condemnation proceedings on the ground of an alleged defective description of the premises sought to be condemned, which description, in part, is as follows:

"A right of way or easement for the plaintiff's line of telephone wires and fixtures along, across, and upon the following parcels of land: Parcel No. 1. All that tract or parcel of land situate, lying, and being in the town of Brook-haven, county of Suffolk, and state of New York, on the south side of the country road, bounded on the west by the land of school district No. 27 of the town of Brookhaven, and on the east by the land of C. W. Hedges, said poles to be erected at or near the curb line on the south side of said country road."

And it is claimed that this is not in compliance with subdivision 2 of section 3360 of the Code of Civil Procedure, which provides that the petition must contain:

"A specific description of the property to be condemned, and its location, by metes and bounds, with reasonable certainty."

It may be assumed that the location of the property to be condemned is sufficiently definite, but it seems to me clear that the statement that the property to be condemned is "a right of way or easement for the plaintiff's line of telephone wires and fixtures" is not sufficiently specific. "In such proceedings, extreme accuracy is essential to preserve the rights of all the parties." Matter of N. Y. C. & H. R. R. R. Co., 70 N. Y. 191. "There must be no uncertainty in the description of the property to be taken, nor in the degree of interest to be acquired." Matter of Water Commissioners of Amsterdam, 96 N. Y. 351. The reason for requiring strict compliance with the statute is obvious. The description contained in the petition will control, not only the admeasurement of damages, but the future use of the property, and where an easement is to be taken there should be no uncertainty as to the extent of the easement, and it is impossible to tell from this description what burden will be imposed or what obstructions placed on defendant's land. Telephone lines are not all built alike. A much more definite description was held inadequate in Metropolitan El. Ry. Co. v. Dominick, 55 Hun, 198, 8 N. Y. Supp. 151, because of language which left the future requirements of the petitioner indefinite.

In this case there is no description whatever of the line proposed to be erected, either at present or in the future. Under this description the petitioner might have the right to set poles at intervals of only five feet and to string wires at any distance from the ground. The fact that it might be impracticable to do so is no answer to the proposition that the statute gives the defendant the right to be informed by the petition just what obstructions the petitioner proposes to place upon the defendant's land, not only for the purpose of determining the award of damages now, but for the purpose of confining the petitioner in the future to the specifications of the petition. At least the defendant is entitled to know the size, number, and location of the poles, and at what height and in what manner the wires are to be strung; whereas the description challenged, instead of being specific, utterly fails to define the extent of the easement required. It follows, therefore, that the petition was fatally defective, and the motion to dismiss should have been granted.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with costs. All concur.