# IN RE PETITION FOR ESTABLISHMENT OF JUDICIAL HIGHWAY BETWEEN SIBLEY AND RENVILLE COUNTIES.[1]

November 27, 1942.

No. 33,255.

[1]Reported in 6 N. W. (2d) 626.

*Russell L. Frazee,* for relator.

*E. A. Rogstad* and *Streissguth & Gislason,* for respondents.

PIRSIG, JUSTICE.

The principal question requiring consideration is whether in the establishment of a road by judicial proceedings under Minn. St. 1941, § 162.20 (Mason St. 1927, § 2581), the width of the road must be specifically determined and set forth. In the proceedings taken below, and which are now before us on writ of *certiorari,* this was not done. The petition for the establishment of the road described the proposed road as beginning at a designated point and then continuing south on the Sibley and Renville county line between stated sections and terminating in the center of a public highway. This description was followed throughout the proceedings, including the order made on the hearing of the petition, the report of the commissioners appointed by the court, the surveyor's report, and the order of confirmation. Nowhere was the width of the road stated.

Section 162.20 does not definitely prescribe how and by whom the dimensions of the road are to be fixed. However, the nature of the proceedings makes it evident that they are to be determined by the commissioners appointed by the court. The establishing of highways has always been treated as primarily a legislative function. With respect to local roads, statutes, including ours, usually transfer the power to act in these matters to the county and

town boards. This could not practically be done in the cases specified in § 162.20, because the roads established thereunder affect more than one county. It was therefore necessary to provide some other procedure for their creation. The section does this by placing the proceedings under the supervision of the district court. Upon a proper petition and notice, a judge of the court is authorized to name commissioners "to lay out" the road. The commissioners so appointed have substantially the same powers and functions as do county and town boards with respect to establishing roads under their jurisdiction. The only difference is that the commissioners are appointed by the court, and their action is subject to confirmation by it. After the commissioners have performed their duties they make a report on what they have done, and a hearing is held thereon. Upon this hearing, the court "may consider the propriety of establishing * * * such road and confirm or reject such report."

From this it is evident that the various decisions with respect to the road, such as its route, its need, and its dimensions, including its width, are to be made primarily by the commissioners. The function of the court is limited to the judicial one of approval or disapproval. It cannot modify the report nor add to it; nor may it. direct that a road of different dimensions or one following a different route should be established. See In re Feeney, 20 Misc. 272, 45 N. Y. S. 830.

One of the duties imposed upon the commissioners is to "lay out" the road. This includes fixing its width. In speaking of a statute authorizing a jury to "lay out the road," the court in Small v. Eason, 33 N. C. 94, 97, said: "The terms, 'lay out the road' and 'lay off the road,' import that the jury should not only fix the course of the road, as passing particular points, but also designate it, after the manner of a survey, by its lines: in other words, lay down the whole ground covered by the road, or specify its width." A road without width is meaningless. This dimension is as necessary as its length. The commissioners must therefore establish the width of the road, and this must be stated in their

report to the court. Omitting to do so results in establishing no road at all, and any order confirming such a report is equally ineffective. In re Feeney, 20 Misc. 272, 45 N. Y. S. 830; In re King, 42 Misc. 480, 87 N. Y. S. 236, 237.

Reasons of policy dictate that this rule should be insisted upon. It is important that the limits of the rights of the public and of private persons affected by the road should be clearly defined and ascertainable. This will avoid controversy and litigation in the future. It is as important here as in any other transaction involving the transfer or acquisition of real estate. Such has been the trend of the decisions in this state. In Sonnek v. Town of Minnesota Lake, 50 Minn. 558, 560, 52 N. W. 961, this court said: "It is as plainly impossible to establish a public highway over private property by an order which in no manner defines or makes certain the location of it, as it is to give legal effect to a deed of conveyance which embraces no certain description of any land as the premises conveyed." See also State v. Hendrickson, 80 Minn. 352, 83 N. W. 153.

It is said that in the absence of any description of the width of the road, the minimum width of four rods fixed by § 160.02 controls, and that this eliminates any uncertainty or indefiniteness which might otherwise exist on this question. That section applies to roads "established by town and county boards." It does not in express terms include commissioners appointed by the court, and we cannot say that they are included by implication when we consider the variety of duties imposed on county and town boards generally which obviously are not intended to be imposed on such commissioners.

It is also claimed that by taking the total acreage for which damages were allowed to private owners of land adjoining the road and the length of the road which is specified we can calculate that a road of four rods' width was intended. But the calculation becomes involved and uncertain when we are compelled to deduct, as have the respondents, for intersections and railroad rights of way. Neither should we expect the public and those

affected by the road to possess or acquire the mathematical ingenuity displayed in urging the point before they can discover the width of the road.

The order of confirmation, therefore, cannot be sustained. However, the entire proceedings are not invalid. The failure to state the width of the road did not invalidate the petition, see Hill v. Board of Supervisors, 95 Cal. 239, 30 P. 385; Watson v. Crowsore, 93 Ind. 220; nor did this affect the order appointing the commissioners. Boston & Providence R. Corp. v. Town Council of Lincoln, 13 R. I. 705; Clarke v. Town Council of South Kingstown, 18 R. I. 283, 27 A. 336. These are but steps preliminary to the creation of the agency empowered to deal with the question. When this case returns to the lower court, it is sufficient that it direct the commissioners to determine and fix the width of the road and to submit a new report accordingly.

Much evidence was produced as to the need for the road. Relator contends that this evidence was insufficient to sustain the findings of the lower court that the road was needed. The testimony covers such matters as the cost of the road, the people benefited by it, its value to the public, etc. Some of the witnesses testified to facts showing the road was needed. Others testified to the contrary. The view the lower court took confirms that of the commissioners specifically designated to consider that along with other questions. It should be noted that the lower court was not presented with an original question but rather with a confirmation or rejection of the conclusions of the commissioners on a question essentially legislative and not judicial in character. The rule is well settled that the correctness of their decision as to the necessity and propriety of establishing the road is assumed, and "this presumption can be overcome only by showing conclusively that no necessity for it existed." Mahoney v. Kelley, 156 Minn. 327, 331, 194 N. W. 775, 776, and cases there cited. Such a showing was clearly not made in this case.

The necessity for the road having thus been established, it will not be necessary for the court to reconsider the entire issue again.

When the commissioners have made their new report in accordance with the views herein expressed and a new hearing is had, the necessity and propriety of the road should be reconsidered only insofar as the determination of the width of the road and changed conditions occurring since the last hearing might affect the question. In all other respects the former decision of the court on this question stands.

Objection is made that the surveyor's plat of the road was not filed before the hearing. No harm to anyone is claimed. It was filed shortly thereafter, and since a new hearing is to be had the question requires no further consideration. Should it appear that any claims or contentions were omitted at the former hearing because the plat had not been filed, they can be made at the new hearing. Should the new report of the commissioners call for alterations in the plat, it is assumed they will be made and the altered plat filed before the hearing, in accordance with the statute.

The order confirming the commissioners' report, insofar as it is inconsistent herewith, is vacated and the case is remanded for further proceedings in accordance with this opinion.

MR. JUSTICE STREISSGUTH took no part in the consideration or decision of this case.

