DOUGHTY and others, Commissioners of Highways of the town of Beekman, *vs.* BRILL.

There can be no proceedings by commissioners of highways, for an encroachment upon a highway, in a case where the highway has not been *laid out* and recorded, in conformity with the directions of a highway act.

The fact that a road has been *used* as a public highway for twenty years or more, will not give the commissioners jurisdiction to proceed against an individual, for an encroachment thereon by fences, unless such road has been laid out and recorded as a public highway.

THE defendant is the owner of a farm in the town of Beekman, Dutchess county, bounded on a public highway in said town, and within the last two years had moved his fence out in said highway, and taken and appropriated a large quantity of the same to his own use. The appellants, as commissioners of highways of said town, took the legal steps and declared the said fence an encroachment, and ordered the same to be removed. The defendant denied the encroachment. A jury was then called, who found the fence an encroachment, and made the proper order, which was filed. The highway has been used as a public highway for over 40 years. The respondent refused and declined, after such order, to remove the said fence, and this action was then brought to recover the penalty given by the statute. The defendant sets up as a defense that the highway in question, not having

been surveyed and a record thereof filed, was not a highway "laid out" within the meaning of the statute. The judge before whom the action was tried, at the circuit, held with the defendant, and ordered judgment of nonsuit. This appeal was brought to reverse said judgment.

*John Thompson,* for the appellants. I. The statute provides, that "all public highways now in use, heretofore laid out and allowed by any law of this state, of which a record shall have been made in the office of the clerk of the county or town; and all roads not recorded, which have been or shall have been used, as public highways, for twenty years or more, shall be deemed public highways, but may be altered in conformity to the provisions of this title." (1 *R. S. 4th ed. p.* 1049, § 115.) "In every case where a highway shall have been laid out, and the same has been or shall be encroached upon by fences, erected by any occupant of the land through or by which such highway runs, the commissioners of highways of the town shall, if in their opinion it be deemed necessary, order such fences to be removed, so that such highway may be of the breadth originally intended." (*Id.* 1050, § 121.) The only question presented is, what is the meaning of the term "laid out," as used in section 121 ? We claim that it includes *all highways,* whether opened by a jury and commissioners, or made so by user for 20 years. The statute has declared that a road used by the public for 20 years and upwards, is a public highway. How a road or highway becomes a highway is a matter of indifference: the thing to be considered is, is it a highway ? Statutes are to be construed beneficially—the public are to be protected. The object of this section 121 is to empower the commissioners to remove encroachments, and it is their duty to see that the public have their rights. The highway in question is a highway, so declared by statute; and the public have the same right to have this highway of the width that it was originally fenced and "intended" and the width that it has

been used for the last 40 years, that they have to have a highway found by a jury of the width it was laid out. This being a highway by statute, is subject to all the laws relating to highways. Any other construction given to this section 121 would be destructive to the public interest. If the term "laid out" is to be construed only as applicable to roads laid out by a jury, then one half of all the old roads in this country—we venture to say that this proportion has never been recorded—are liable to be encroached upon and their usefulness destroyed; for if they can be encroached upon one foot, they can be twenty feet, and up to the point, leaving just enough space for a wagon to pass along. This is not answered by saying that the commissioners should have the roads recorded; for all this encroachment may be done before a record is made. Besides, if this term "laid out" is to receive the narrow construction contended for, then it will not apply to a road used 20 years and upwards and recorded; for there has been no "laying out" here; the commissioners make a record. They do not lay it out, and we thus have two classes of highways unprotected by this section 121. If roads used 20 years and upwards and recorded, are within the term "laid out," then the road in question is; for the same reason that would include the one, will the other. The record of a road in no way enlarges or alters the right of the public or the boundaries of the road, but only perpetuates the evidence of a public right. (24 *Wend.* 492.) The marginal note in the case of *The People* v. *Lawson,* (17 *John.* 277,) that "a road used as a common highway since the year 1777, but not recorded as such, is not a public highway within the meaning of the act relative to highways, (session 36, chapter 33,)" is not sustained by the opinion in the case. The court puts its opinion expressly on the ground that the jury had found that "it had not been used as a public highway for 20 years next preceding the 21st of March, 1797."

II. The second objection raised in the answer is, that the road in question has no definite limits. The supreme court

Doughty *v.* Brill.

has settled this point to the effect that the boundaries of a road claimed by user for 20 years, are as it has been used for the past 20 years. (6 *Cowen,* 189. 24 *Wend.* 492.)

III. The answer raises another objection, that the first order of removal made by the commissioners and served on the defendant, is defective. If there is any thing in this objection, it is now too late to raise it. If the defendant intended to rely upon this point, he ought to have done so at the time, by treating it as a nullity; instead of which, he waived all defects; served a notice denying the encroachment; compelled the commissioners to call a jury, who decided that he had made the encroachment complained of, &c., and this suit is now brought to recover the penalty for not removing the fence. (*Angell on Highways,* § 232.)

*J. F. Barnard,* for the defendant. I. The words of the statute give a penalty only when "a highway shall have been laid out." (1 *R. S. 4th ed. p.* 1050.) The ascertaining, declaring and recording an old road, is not "laying out" a road. (*The People* v. *Judges of Cortland Co.,* 24 *Wend.* 491.)

II. The notice is insufficient; it does not specify the width originally intended. (*Mott* v. *Com'rs of Rush,* 2 *Hill,* 472.)

III. The order required the defendant to remove his fence, which was behind the old rail fence removed by him, and the order is entire.

*By the Court,* Brown, J. The plaintiffs brought their action to recover certain penalties, alleged to have been incurred under the highway act, for the negligent omission to remove an encroachment by fences erected upon a highway in the town of Beekman. The answer admitted most of the allegations in the complaint; especially the meeting of the commissioners and the order that the encroachments be removed, and the service of the notice to remove; but it denied that the notice, or the order, specified the breadth of the road originally intended. It also admitted the service of the

notice denying the encroachment, the issuing of the summons, the service thereof, the meeting of the freeholders, the proceedings had before them, their certificate finding that an encroachment had been made, and the filing the same with the town clerk as required by the statute. But it alleged and insisted that such road or highway had never been laid out, and that no record or survey of the laying out of such road had ever been filed in the clerk's office of the town of Beekman.

At the trial before Mr. Justice EMOTT, at the Dutchess circuit, it was admitted by the counsel for the plaintiffs that there was no record of the highway in controversy in the office of the town clerk of Beekman; in other words, that it was not one of that class of highways which had been laid out by proceedings under the statute, and it also appeared that the order of the commissioners, and the notice for the removal of the encroachment, did not specify the breadth of the road as originally intended. This latter circumstance ensued as a consequence of the want of a record in the town clerk's office. The plaintiffs were nonsuited upon the trial, the judge being of opinion that there could be no proceedings for an encroachment, by the commissioners, in a case where the highway had not been laid out, and recorded, in conformity with the directions of the highway act.

The distinction between public highways laid out and allowed by law, and public highways which become such by a user of twenty years and upwards, is recognized and maintained in various provisions of title 1, chap. 16, in regard to highways and bridges. Thus, in the 3d subdivision of section 1, it is made the duty of the commissioners of highways to cause such of the roads used as highways as shall have been laid out and not sufficiently described, and such as shall have been used for twenty years but not recorded, to be ascertained, described and entered of record in the town clerk's office. So also section 104 declares, "all public highways now in use, heretofore laid out and allowed by any law of this

state, of which a record shall have been made in the office of
the clerk of the county or town; and all roads not recorded,
which have been used as public highways for twenty years or
more, shall be deemed public highways, but may be altered
in conformity to the provisions of the title." The first class
become public highways by force and authority of proceed-
ings had under the statute, and which assure compensation
to the owners of the lands taken for that purpose; while the
latter class become such by force of a rule of the common
law, which presumes a dedication or grant from the public use
for twenty years and more. The distinction is substantial
and material. It was present to the minds of those who
framed the law; and we, who are to construe and expound
its various parts, must also keep it in mind. Otherwise we
shall not give effect to the intention of the legislature.

The 107th section of the act, which is the basis of the
plaintiffs' proceedings in this action, declares that "in every
case where a highway shall have been laid out, and the same
shall have been encroached upon by fences erected by any
occupant of the land through or by which such highway runs,
the commissioners of highways of the town shall, if in their
opinion deemed necessary, order such fences to be removed,
so that the highway may be of the breadth originally intend-
ed." The commissioners are to make and sign an order in
writing. They are also to give notice in writing to the occu-
pant of the land, to remove the fence within 60 days; and
every such notice and order shall specify the breadth of the
road originally intended, the extent of the encroachment and
the place or places where the same are. Then follow the
sections containing the directions for summoning a jury, for
the hearing, the rendering their verdict and filing their certi-
ficate, if the encroachment is denied by the occupant of the
adjoining land. It is to be observed, that the proceedings
are had in respect to "a highway which shall have been laid
out, and shall have been encroached upon by fences erected by
an occupant of adjoining land. Indeed, they can apply to

no other. The commissioners are to order the fences to be removed, so that the highway may be of the breadth originally intended. They are also to specify in the order and notice what the breadth of the road was originally intended to be, and the extent and the place of encroachment. That is, the order and the notice are to contain the lines—the exterior lines of the road—as originally laid out, and inform the occupant upon what part of the line he has encroached by fences. In *Mott* v. *The Commissioners of Highways of Rush,* (2 *Hill,* 472,) the court held it to be an incurable defect, in similar proceedings, that the notice and order omitted to specify the original breadth of the road, and the extent and the places of the encroachment. In the opinion it is said: "The commissioners are required to put the party in possession of all the particulars of the encroachment necessary to enable him to go upon the ground, where it is alleged to exist, and remove it at once. They are to ascertain the original width of the road, the place and extent of the encroachment, and must specify and limit the same in a way that can be easily and readily comprehended by the occupant." When the statute speaks of the "breadth of the road originally intended," it uses terms which can only apply to roads deliberately and carefully laid out, with lines designated by monuments, or courses and distances, and the width of which is accurately stated and made a record in the office of the town clerk. Roads which become public highways by twenty years' use do not always originate in the intention of any one. In a country like ours, in times past, they have their origin not unfrequently in accident and convenience, in obscure paths and passage ways from one settlement to another, which increasing population and travel in time matures into a public highway. They certainly do not usually have their origin in that intention which manifests itself in a formal written grant or dedication wherein the lines and courses, length and breadth, are designated with accuracy and precision, for the information of future times. In regard to such roads, there

---

is no means at the command of the commissioners by which they can say what the breadth was originally intended to be. As to them, the provisions of the statute in regard to encroachments could not be executed. This construction accords with the letter of the statute.

I therefore conclude that the commissioners of the town of Beekman had no jurisdiction of the subject of the encroachment upon the road referred to in the pleadings, and that they were properly nonsuited at the trial.

The judgment should be affirmed.

