## DOUGHTY *v.* BRILL.

### September, 1867.

Affirming 36 *Barb.* 488.

The statute (1 *R. S.* 521) imposing penalties for encroachments on the public highways, applies only to such as have been *laid out* pursuant to the statute, leaving the case of highways established by prescription, to the common law remedy for nuisance.

William Doughty, Egbert Noxon and Alexander Bryant, commissioners of highways of the town of Beekman, Duchess county, sued Rowland Brill, in the supreme court, to recover penalties imposed by statute for an alleged encroachment upon the public highway. On the trial it appeared that the highway, at the place of the alleged encroachment, had been used as such by the public for a period exceeding twenty-five years, and that proceedings had been taken by the commissioners under the statute (1 *R. S.* 521 ; Same Stat. 4 ed. p. 1050), by which the defendant's fence was declared an encroachment on the highway, and he had been notified to remove the same, which he refused to do ; that the highway had never been laid out,—there was no record of it on the town books. A nonsuit, ordered on the ground that the statute applied only where the highway was "laid out" according to law, was affirmed at general term. Reported in 36 *Barb.* 488. Plaintiffs appealed.

*Thompson & Weeks,* for plaintiffs, appellants ;—Cited Walker *v.* Caywood, 31 *N. Y.* 64.

*Homer A. Nelson,* for defendant, respondent.

BOCKES, J. [After stating the facts ]—The decision of this case by the supreme court (opinion of Mr. Justice BROWN) is reported in 36 *Barb.* 488. A careful examination of the case has led me to the conclusion adopted by the supreme court, and for the reasons clearly and tersely given in the opinion of Mr. Justice BROWN. That learned judge has noticed the obvious distinction in the rules of law applicable to public highways existing by prescriptive right, and those which became such by force and authority of proceedings under the statute for the

laying out of highways, which statute provides for compensation for the damages occasioned th'ereby. He shows very clearly that the section of the statute imposing penalties for encroachments (under which the plaintiffs claimed to recover), had application (according to its strict language), to a case "*where a highway shall have been laid out,*" leaving the common law remedy for nuisance, to unlawful interference by obstructions in highways established by prescription. The rule must also be held in mind that penal statutes are to have a strict construction. Their application will generally be limited to cases falling within the letter. So it has been often held that penalties cannot be raised by implication. They must be expressly created and imposed.

The line of argument and suggestions of Mr. Justice Brown have also received the sanction of this court in Talmage *v.* Huntting, 29 *N. Y.* 447. Although not then directly decided, the opinion is plainly intimated that the provisions of the law here under consideration in regard to encroachments must be deemed confined to laid out highways.

The judgment of the supreme court should be affirmed.

All the judges concurred.

