### SUPREME COURT.

JEAN B. M. DUCHE *et al.* agt. THE BUFFALO GRAPE SUGAR COMPANY.

*Change of place of trial — Domestic corporation — when sued by a non-resident — Place of trial — Time within which the notice of motion to change place of trial must be made — If not made in time, the right to the change is waived — Code of Civil Procedure, sections 984, 985, 986.*

Though a domestic corporation, when sued by a non-resident, had the right to have the place of trial in the county which it had designated by its certificate of incorporation as that in which its principal office of business was to be located, yet such right is in no sense jurisdictional, and hence may be waived. By section 986 of the Code of Civil Procedure, the notice of motion to compel the change of the place of trial to the county of defendant's residence must be made within ten days after the five days within which a demand for such change must be made upon plaintiff. If this is not done, the right to the change is waived.

*Special Term, September,* 1882.

MOTION to change the place of trial from the county of New York to the county of Erie.

Duche *et al.* agt. Buffalo Grape Sugar Company.

*Bowen, Rogers & Locke,* with *ex-judge* FITHIAN, for motion.

*Mitchell & Mitchell,* opposed.

POTTER, *J.*— The motion is made upon the ground that the place of trial in this action is governed by section 984, Code of Civil Procedure. The action doubtless belongs to the class of actions provided for by that section. The plaintiff is a non-resident, and the defendant is a domestic corporation organized under the act of 1848. By the terms of the certificates of the defendant, filed in the office of the clerk of Erie county, and in the office of the secretary of state, the city of Buffalo and the county of Erie were designated as the places where its principal office of business was to be located, and its operations were to be carried on. The defendant, therefore, had the right to have the trial take place in Erie county. But such right is not an absolute right, and is in no sense jurisdictional, and hence may be waived (*Sec.* 985).

To secure the enjoyment of such right, and to prevent a waiver of it, section 986 provides that the defendant must demand to have the trial take place in the county of his residence, and if the plaintiff does not serve a written consent to the change required within five days after service of such demand, the defendant may serve a notice of motion to the court to compel the change. The demand in this case was served upon the twelfth of July. The plaintiff neglected or refused to consent to the change, and upon the fourteenth day of August the defendant served notice of this motion. I think the motion was out of time, and must, for that reason, be denied. The statute is clearly permissive of the motion, provided the motion is made in a certain manner and within the prescribed time..

Under the former Code (*sec.* 126), there was no limitation of the time in which the motion to change the place of trial to the proper county could be made, and accordingly it was held under that statute that such a motion could be made at

Duche *et al.* agt. Buffalo Grape Sugar Company.

any time before trial (*Hubbard* agt. *Nat. Peo. Ins. Co.*, 11 *How.*, 149 ; *Conroe* agt. *Same*, 10 *How.*, 403).

But a change was made by section 986 of the Code of Civil Procedure, requiring the service of notice of motion to compel the change to be made within ten days after the expiration of the five days. I think it plain that the legislature intended to change the law in this respect. One purpose doubtless was while affording the defendant a reasonable opportunity to have the trial in the county of his residence, yet he is required to make his election seasonably, so that it should be known and settled in what county the trial was to take place, that it might be placed upon the calendar of the county where it was to be tried, and to prevent dilatory efforts and motions to change the place of trial from an earlier calendar in one county to a later calendar in another.

It was urged upon the argument of the motion that sections 781–783, enlarging time, &c, might be resorted to to relieve the defendant. From the view I take of the section in question, I do not think those sections can be made available for that purpose. But if those sections could be applied to this question they could not be applied in the absence of any reason or excuse, or explanation of the defendant's delay in making the motion. Section 781 provides for enlarging the time upon showing ground therefor, and before the time to do an act has expired. Section 783 provides that after the time has elapsed in which an act is to be done, the court may grant relief upon good cause shown.

This is not an application for leave to make a motion for relief ; and if it were, the affidavits show no grounds or good cause for granting the relief desired. Of course, upon a motion to change the place of trial to the proper county, no regard can be had to the convenience of witnesses. If the defendant thinks the convenience of witnesses would be subserved and the ends of justice promoted by a trial in Erie county, he is at liberty to make a motion to change the place of trial upon those grounds.

Motion denied.