ROSSIE IRON WORKS, RESPONDENT, *v.* CHARLES S. WESTBROOK, APPELLANT.

*Venue — place of residence of a corporation.*

Upon an application to change the place of trial of an action brought in the county of New York, it appeared that the defendant was a resident of St. Lawrence county, and that the certificate of incorporation of the plaintiff was filed in that county, and that the town of Rossie, in that county, was therein stated to be the town in which the principal business of the company was to be carried on. It also appeared that the company had a place of business in the county of New York for the transaction of its financial business.

*Held,* that the place of trial should be changed to the county of St. Lawrence.

That the designation of its residence in the certificate of incorporation could only be changed in the manner prescribed by the statute.

That the mere fact that the plaintiff had a place of business in another part of the State in no way changed its legal habitation and home.

APPEAL by the defendant Charles S. Westbrook from an order, entered in the office of the clerk of the county of New York on the 8th day of October, 1890, denying the defendant's motion to change the place of trial in the above-entitled action from the county of New York to the county of St. Lawrence.

*Macgrane Coxe,* for the appellant.

*W. P. Butler,* for the respondent.

VAN BRUNT, P. J.:

This action was begun by the service of a summons and complaint on the 7th of August, 1890. Within the time limited a notice of appearance and a notice of demand to change the place of trial was served upon plaintiff's attorney.

The defendant was a resident of St. Lawrence county, and the certificate of incorporation of the plaintiff was filed in said county; and in said certificate the name of the town and county in which the principal business of the company was to be carried on was stated to be the town of Rossie and county of St. Lawrence. It appeared that the land, furnaces and mines of the plaintiff were situate in the counties of St. Lawrence and Jefferson, and that a large part of the business of the company for many years had been carried on exclusively in said county, and that it had an office in New York county for the transaction of its financial business. Upon these facts the motion was denied, and from the order thereupon entered the appeal is taken.

We think the conclusion arrived at by the learned judge below was erroneous. The corporation had selected its place of residence. It had stated in its certificate of incorporation that its principal place of business was to be in the county of St. Lawrence, and its annual reports were there filed. It could not change this designation of residence except in the manner prescribed by statute. The mere fact of its having places of business in other parts of the State in no way changed the designation which had been made of its legal habitation and home.

We think, therefore, the motion should have been granted upon the ground that both parties to the action were residents of St. Lawrence county, and the order should be reversed, with ten dollars costs and disbursements and the motion granted.

BRADY and DANIELS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements and the motion granted.