NICHOLAS A. ALPAUGH, COMMISSIONER OF HIGHWAYS OF THE TOWN OF CASTILE, N. Y., RESPONDENT, v. SUSAN M. BENNETT, APPELLANT.

*Highways — removal of encroachments thereon, under section 103, chapter 245 of 1878 — must be based upon actual user*

The authority conferred by section 103 of chapter 245 of the Laws of 1878, relating to the right to remove obstructions or encroachments upon highways, which have been used as public highways for twenty years or more, does not extend beyond the actual user, nor does that act confer any power upon a commissioner of highways to make any determination or adjudication, except within the limits of such actual occupancy.

The question as to the existence of the highway must be determined upon the basis of the extent of the user.

APPEAL by the defendant, Susan M. Bennett, from a judgment of the Wyoming County Court, entered in the office of the clerk of the county of Wyoming on the 16th day of January, 1890, affirming

a judgment rendered by and before WALTER SHAY, Esq., a justice of the peace of the town of Castile, on the 9th day of August, 1889.

*Abbott & Abbott*, for the appellant.

*H. W. Smith*, for the respondent.

CORLETT, J.:

Previous to 1821, the town of Castile, in the county of Wyoming, was a part of the town of Perry. There is a highway, never recorded, so far as appears, running nearly east and west in the town of Castile, which existed before the formation of the town. There is no record that it ever was laid out.

In July, 1889, an application was made to summon twelve freeholders to determine whether an encroachment had been made upon the highway above referred to. Such proceedings were had that, on the ninth day of August of that year, six of the freeholders found an encroachment by one Hiram Owen, a former occupant. The justice of the peace before whom the proceedings were had, thereupon rendered judgment in favor of the highway commissioner of the town of Castile against the defendant. From this judgment the defendant appealed to the Wyoming County Court, where the judgment was affirmed, and the defendant appealed to this court. No opinion was written by the learned county judge, but in a letter to the appellant's counsel he states, in substance, that sickness had prevented him from examining the case.

On the 15th day of May, 1889, George F. Lucas made a survey of this highway as follows:

"Survey of an old road running east and west through lot 37, Ogden tract, in the town of Castile, and past the farm-house of Prosper Justin. Beginning at two small butternut trees standing together near the center of the county line road, and near the north-east corner of Prosper Justin's land; thence north 55° 10' west two chains and fifty-five links to a stake bearing S. 3½ W' magnetic, 37½ links from a chestnut tree 21 inches diameter marked with three hacks on south side and bearing N. 34, W. 62 links, from the west corner of a notch chopped on the north side of a chestnut tree 36 inches in diameter, standing near the south bounds of the highway; thence west to the west line of lot 37 to intersect the

center of the highway running west from near Prosper Justin's house, across lot 38, Ogden tract. The above is center line of the road, three rods wide.

" GEORGE F. LUCAS,<br>" *Surveyor.*

" Surveyed May 15, 1889."

Afterwards, and on the 10th day of July, 1889, the commissioner of highways of the town of Castile made an order based on the above survey, the commencement of which was as follows :

" *Whereas*, a road has been used as a highway for more than twenty years in the town of Castile, county of Wyoming, N. Y., and according to the best of my knowledge and belief said highway was originally duly laid out, the record of which, if any ever existed, has been lost or destroyed, which said road was originally intended to be of the width of three rods." It then proceeds to recite the survey and directs the removal of the fence (which was the alleged obstruction) so that the highway might be of the breadth originally intended.

Several witnesses were examined on the trial before the justice. It appeared by the testimony on behalf of the plaintiff that the survey must have been based either on the judgment of the surveyor or on information derived from others, or both. The survey seems to have been made without reference to the beaten track at the time of making it. One witness for the plaintiff testified that the fence sought to be removed was formerly about the middle of the old road. He does not testify as to the length of time or extent of travel north of the present fence. Another witness on the part of the plaintiff testified to the effect that the beaten track had always been south of the fence sought to be removed, and about where it is at the present time.

A number of witnesses testified on behalf of the defendant, all agreeing that no road had ever been traveled at the place where the fence stands, or north of it, and that in fact there had been occasional moving of the traveled portion further north, so that at the present time the road as used is north of where it formerly was.

All the witnesses on the part of the defendant testified to the effect that the present fence, claimed as an obstruction, was built where it now stands about ten years ago by Hiram Owen, and that it was placed where the old fence stood. There was no evidence on

either side tending to show that the road then was or for many years had been traveled to the extent of the survey.

The contention on the part of the plaintiff was, that the survey truly describes the location of the old road, and that the fence sought to be removed stood nearly at its center. But there is no evidence on the part of the plaintiff showing how long the road was traveled at the place where the fence stands, or north of it.

The claim on the part of the defendant was, that the road had never been traveled as far north as the location of the present fence ; that, in fact, the beaten track was formerly further south than it now is, and that the fences on the south side had been gradually moved north. The defendant insists, and the evidence produced by her on the trial tended to show, that there never was a highway or road at the place occupied by her fence, or north of it.

The controversy on the trial was mainly limited to the question where the highway formerly was, and whether it was truly described in the survey. There was no controversy as to the fence being owned by the defendant or questioning her occupancy and possession of the land north of it.

The counsel for the defendant on the trial moved to dismiss the complaint under section 2956 of the Code of Civil Procedure on the ground that the title to land was in question by the plaintiff's own showing, which was controverted by the defendant. This was denied.

The plaintiff also claims that the survey is conclusive as to the location of the old road ; while the defendant insists that this cannot be so, as the adoption of such a view might deprive the defendant of her land for highway purposes without compensation ; also, that it would vest arbitrary power in both the surveyor and commissioner, and that if the statute conferred any such power it would be unconstitutional.

Public highways are either laid out and recorded or are made such by twenty years or more actual travel. (2 R. S. [Banks' 7th ed.], p. 1249, § 100.)

Section 101 makes it the duty of commissioners of highways to cause roads to be opened to the width of two rods at least, which they should determine had been used as public highways for twenty years. (*Snyder* v. *Plass*, 28 N. Y., 465; *Snyder* v. *Trumpbour*, 38 id., 355.)

In *Talmage* v. *Huntting* (29 N. Y., 447), it was held that where

a jury was impanneled to determine the question of an encroachment, it had no power to pass upon the width or boundary of a highway according to previous use or dedication.

In *Doughty et al., Commissioners of Highways,* v. *Brill* (36 Barb., 488; affirmed, 1 Abb. Ct. of App. Dec., 524; 3 Keyes, 612), it was held that proceedings cannot be had to remove an encroachment upon a highway where it had not been laid out. Where lands are taken for highway purposes the owner must be paid damages. (Cook on Highways [5th ed.], 222 to 234; *Chapman et al.* v. *Gates,* 54 N. Y., 132.)

Chapter 245 of the Session Laws of 1878, amending 2 Revised Statutes ([Banks' 7th ed.] page 1254, § 103), provides: " In every case where a highway shall have been laid out or ascertained, described and entered of record in the town clerk's office, and all roads not recorded which have been or shall have been used as public highways for twenty years or more, and the same have been or shall be constructed in any manner or encroached upon by fences or otherwise." It then states that in such cases the commissioner shall have power to cause the obstructions to be removed. The mode of proceeding is fully described in the sections which follow. ·

In *Borries* v. *Horton* (16 Hun, 139), it was held, in substance, that in proceedings by the commissioner to remove obstructions, want of jurisdiction might always be shown to defeat the proceedings.

In *Cook* v. *Covil* (18 Hun, 288), it was held that the power of the commissioner was to ascertain *the extent of the user.*

In *People* v. *Judges of Cortland County* (24 Wend., 491), it was adjudged that the power of the commissioner was to ascertain the user of the road as it had existed for twenty years, but that they had no authority to create or enlarge. It was further held in that case that the commissioners exceeded their authority, but that the injured party had no remedy by appeal. It is otherwise now. (Code of Civil Procedure, §§ 3044, 3045, 3046.) To the same effect is *Matter of City of Yonkers* (117 N. Y., 564). It was further held in that case that the commissioners acted ministerially.

In *Talmage* v. *Huntting,* above cited, it was decided that the power of the commissioners was limited to ascertaining the boundaries as actually used for twenty years.

In *Flack* v. *Village of Green Island* (33 N. Y. St. Rep., 339), the questions of dedication, intent and the user necessary to establish a highway were determined.

The only power conferred upon the Justice's Court and jury is to determine whether an alleged encroachment exists. (Section 107 of the Revised Statutes above referred to [7th ed.], vol. 2, p. 1255.) The verdict of the jury in the present case follows the statute. The only fact found was that of an encroachment.

Applying the principles above referred to, to the facts in the case at bar, it is obvious that all the proceedings, including the trial and verdict, were based upon an erroneous assumption. The survey was made upon the theory that the person making it had full power to determine where the highway was and had been, without reference to where it was traveled. The order of the commissioner was based on the same assumption.

The questions litigated upon the trial were not how far or to what extent the alleged highway had been traveled for twenty years, but where it was originally located and traveled. At the time of the trial there were no surface indications showing, or tending to show, that the alleged encroachment stood upon any part of a road which had been traveled continuously for twenty years. The plaintiff seems to have believed that the surveyor and commissioner could determine where the road was originally, and that all the evidence to controvert the survey or determination of the highway commissioner was immaterial, no matter how far or to what extent it might affect the seeming rights of the owner and occupant. It is a familar rule that a statute in derogation of the right of property or which takes away the estate of a citizen, must be strictly construed. (*Washington Cemetery* v. *P. P. and C. I. R. R. Co.*, 68 N. Y., 591; *McManus* v. *Gavin*, 77 id. 36.)

The statute above referred to, which extends the right to remove obstructions or encroachments upon highways, which have been used for twenty years, cannot be construed to extend beyond actual user, or to confer any power upon the commissioner to make any determination or adjudication beyond such actual occupancy. The amendment cannot have been so intended. Having reference to the cases and statutes affecting the rights of property, it is too clear for argument that the legislature never intended to confer authority

upon the commissioner to consider or determine any question except the extent of actual user. The existence of the highway must be based upon the extent of user. The jury has no question to determine except to find whether there has been an encroachment or obstruction upon the road so used. To hold to the extent of the plaintiff's contention in the present case would involve the conferring of power upon the highway commissioner to take lands for highway purposes owned by a citizen without compensation, if he saw fit to do so.

It is needless to say that if the legislature had passed an act allowing the taking of lands for highway purposes without compensation, it would have been unconstitutional and void. But no such question is involved. The statute was simply intended to allow obstructions and encroachments to be removed upon conceded highways, either laid out and recorded or made such by user. The amendment was not made for the purpose of depriving a citizen of his land for highway purposes without compensation.

It follows that the judgment of the County Court and Justice's Court must be reversed, with costs.

Dwight, P. J., and Macomber, J., concurred.

Judgment of the County Court of Wyoming county and of the Justice's Court reversed, with costs.