## SPEARE v. TROY LAUNDRY MACH. CO.

(Supreme Court, Appellate Division, First Department. November 24, 1899.)

RESIDENCE OF DOMESTIC CORPORATION—ACTION BY NONRESIDENT—VENUE.
 The residence of a domestic corporation is the county where it has its principal place of business, and it may remove an action brought against it by a nonresident in another county, where it also has a place of business, to the county of its residence.

Appeal from special term.

Action by Lewis R. Speare against the Troy Laundry Machinery Company. From an order of a special term of the supreme court denying defendant's motion for change of venue, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Lewis E. Carr, for appellant.
Charles H. Luscomb, for respondent.

VAN BRUNT, P. J. Under the rule laid down in the case of Iron Works v. Westbrook, 59 Hun, 345, 13 N. Y. Supp. 141, the residence of the defendant was in the city of Troy, Rensselaer county, state of New York. It is a domestic corporation, and it appears that its principal office and place of business is in said city. The plaintiff is a nonresident. Consequently the defendant, as a matter of right, is entitled to a change of venue. Some suggestions have been made that for certain reasons the trial should not take place in the city of Troy, and the case of Duche v. Sugar Co., 63 How. Prac. 516, is cited as authority that the court will consider whether a change is in the interests of justice. Upon an examination of that case it will be seen that there the right arising from residence to a change of venue had been waived by the defendant, and that, consequently, the motion was addressed to the discretion of the court.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.