REMINGTON & SHERMAN COMPANY, Respondent, *v.* NIAGARA COUNTY NATIONAL BANK, Appellant.

*Venue — a domestic corporation sued by a foreign corporation having a certificate of authority to do business in the State of New York — the place of residence of the former is the place of trial.*

A domestic banking corporation organized under the laws of the United States and having its principal place of business in the county of Niagara, in the State of New York, which is sued by a foreign corporation, organized under the laws of the State of Pennsylvania, which has obtained a certificate authorizing it to do business in the State of New York, is entitled, as a matter of right under section 984 of the Code of Civil Procedure, to have the place of trial of the action in the county of Niagara.

APPEAL by the defendant, the Niagara County National Bank, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of July, 1900, denying the defendant's motion to change the place of trial from the county of New York to the county of Niagara.

*Lyman A. Spalding*, for the appellant.

*William E. Warland*, for the respondent.

McLAUGHLIN, J.:

Action to recover a balance alleged to be due for the construction of a safe deposit vault in defendant's building, in the city of Lockport, N. Y.

The action was commenced by the service of a summons and complaint, in which the place of trial was designated as the city and county of New York. The defendant's attorney, prior to the service of an answer, served a written demand on the plaintiff's attorney that the place of trial be changed to Niagara county, upon the ground that that was the proper county. The demand not having been complied with, the defendant, within the time prescribed by statute (Code Civ. Proc. § 986), made a motion that the change be made in accordance with the demand. The motion was denied and the defendant has appealed.

We think the motion should have been granted. The moving

papers show that the plaintiff is a foreign corporation, organized under the laws of the State of Pennsylvania, and that the defendant is a domestic corporation, organized under the laws of the United States, having its principal place of business in the county of Niagara. This being the situation of the parties, the defendant is entitled, as a matter of right (under section 984 of the Code of Civil Procedure), to have the place of trial changed. This section provides that an action " must be tried in the county in which one of the parties resided at the commencement thereof." The defendant, as already said, is a domestic corporation. Its principal place of business is in the county of Niagara, and there it has its residence. (Code Civ. Proc. § 3343, subd. 18; *Speare* v. *Troy Laundry Machinery Co.*, 44 App. Div. 390; *Rossie Iron Works* v. *Westbrook*, 59 Hun, 345; *Rector* v. *Ridgwood Ice Co.*, 38 id. 293.) The plaintiff is a foreign corporation. It is not a resident of the State of New York. On the contrary, it is a resident of the State of Pennsylvania. It came into existence under the statutes of that State, and in that State alone it has its domicile and residence. (*Plimpton* v. *Bigelow*, 93 N. Y. 592; *Stevens* v. *Phœnix Ins. Co.*, 41 id. 149.) The fact that the State of New York has issued to it the certificate provided by statute (Laws of 1892, chap. 687, §§ 15, 16) authorizing it to do business in the State of New York, does not in any way affect its residence. It was a foreign corporation before the certificate was issued and it remained so thereafter.

It follows, therefore, that inasmuch as the only county within which one of the parties resided at the commencement of the action was the county of Niagara, the action must there be tried. That being the proper county, the court had no discretion in the matter, and the defendant's motion to change the place of trial should have been granted.

The order appealed from must be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs to abide event.

Van Brunt, P. J., Rumsey, Ingraham and Hatch, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide event.