REMINGTON & SHERMAN CO. v. NIAGARA COUNTY NAT. BANK.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

ACTION BY FOREIGN CORPORATION—CHANGE OF VENUE.

Where a defendant is sued by a foreign corporation in a county other
than that of his residence, he may remove the suit to the county of his
residence, under Code Civ. Proc. § 984, providing that an action must be
brought in the county in which one of the parties resided at the commence-
ment thereof, though such corporation held a certificate issued under Laws
1892, c. 687, §§ 15, 16, authorizing it to do business in New York; since it
was a foreign corporation before the certificate was issued, and remained
so afterwards.

Appeal from special term, New York county.
Action by the Remington & Sherman Company against the Ni-
agara County National Bank. From an order denying a motion to
change place of trial from New York county to Niagara county, de-
fendant appeals. Reversed.
Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, Mc-
LAUGHLIN, and INGRAHAM, JJ.

Lyman A. Spalding, for appellant.
William E. Warland, for respondent.

McLAUGHLIN, J. Action to recover a balance alleged to be due
for the construction of a safe-deposit vault in defendant's building
in the city of Lockport, N. Y. The action was commenced by the
service of a summons and complaint, in which the place of trial
was designated as the city and county of New York. The defend-
ant's attorney, prior to the service of an answer, served a written
demand on the plaintiff's attorney that the place of trial be changed
to Niagara county upon the ground that that was the proper county.
The demand not having been complied with, the defendant, within
the time prescribed by statute (Code Civ. Proc. § 986), made a mo-
tion that the change be made in accordance with the demand. The
motion was denied, and the defendant has appealed.

We think the motion should have been granted. The moving papers show that the plaintiff is a foreign corporation, organized under the laws of the state of Pennsylvania, and that the defendant is a domestic corporation, organized under the laws of the United States, having its principal place of business in the county of Niagara. This being the situation of the parties, the defendant is entitled, as a matter of right (under section 984 of the Code of Civil Procedure), to have the place of trial changed. This section provides that an action "must be brought in the county in which one of the parties resided at the commencement thereof." The defendant, as already said, is a domestic corporation. Its principal place of business is in the county of Niagara, and there it has its residence. Code Civ. Proc. § 3343, subd. 18; Speare v. Machinery Co., 44 App. Div. 390, 60 N. Y. Supp. 1080; Iron Works v. Westbrook, 59 Hun, 45, 13 N. Y. Supp. 141; Rector v. Ice Co., 38 Hun, 293. The plaintiff is a foreign corporation. It is not a resident of the state of New York. On the contrary, it is a resident of the state of Pennsylvania. It came into existence under the statutes of that state, and in that state alone it has its domicile and residence. Plimpton v. Bigelow, 93 N. Y. 592; Stevens v. Insurance Co., 41 N. Y. 149. The fact that the state of New York has issued to it the certificate provided by statute (Laws 1892, c. 687, §§ 15, 16) authorizing it to do business in the state of New York does not in any way affect its residence. It was a foreign corporation before the certificate was issued, and it remained so thereafter. It follows, therefore, that, inasmuch as the only county within which one of the parties resided at the commencement of the action was the county of Niagara, the action must there be tried. That being the proper county, the court had no discretion in the matter, and the defendant's motion to change the place of trial should have been granted.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to abide event. All concur.