## SMITH v. ESS.

(Supreme Court, Equity Term, Allegany County. October, 1910.)

1. HIGHWAYS (§ 68*)—ESTABLISHMENT—EVIDENCE.

A paper recorded in a town clerk's office in 1814, reading "Short Tract Road. April 7, 1814. Surveyed Nunday road, beginning," etc., describing a line along which a highway has been maintained for more than 50 years, and signed by a surveyor and commissioners, sufficiently shows the laying out on actual survey of a highway as authorized by Act March 19, 1813 (2 Rev. Laws 1813, c. 33).

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 226–233; Dec. Dig. § 68.*]

2. HIGHWAYS (§ 56*)—ESTABLISHMENT—IRREGULARITIES—CONFIRMATION.

Any irregularity in the acts of commissioners in laying out a highway under Act March 19, 1813 (2 Rev. Laws 1813, c. 33), was confirmed by Laws 1826, c. 198, § 8, where a survey had been recorded in the town clerk's office.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 176; Dec. Dig. § 56.*]

3. HIGHWAYS (§ 49*)—ESTABLISHMENT—DESIGNATION.

    A highway laid out under Act March 19, 1813 (2 Rev. Laws 1813, c. 33), was sufficiently designated by a single line which, in the absence of a contrary showing, is presumed to have been intended as the center.

    [Ed. Note.—For other cases, see Highways, Dec. Dig. § 49.*]

4. HIGHWAYS (§ 68*)—LOCATION—EVIDENCE—WEIGHT.

    Evidence in an action to enjoin cutting of trees by a superintendent of highways *held* to show that they were within a highway, and not on plaintiff's land.

    [Ed. Note.—For other cases, see Highways, Dec. Dig. § 68.*]

5. HIGHWAYS (§ 80*)—REMOVAL OF TREES—RIGHTS OF SUPERINTENDENT OF HIGHWAYS.

    A superintendent of highways can remove trees standing in a highway if in the exercise of his discretion it is deemed best for the public interest, but he must use high care to prevent injury to trees and shrubs standing substantially on the boundary.

    [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 288, 290; Dec. Dig. § 80.*]

Action by Frank Smith against Charles Ess. Temporary injunction vacated, and complaint dismissed.

G. W. & H. E. Harding, for plaintiff.

D. D. Dickson and Clarence A. Farnum, for defendant.

BROWN, J. Defendant, as superintendent of highways of the town of Allen, Allegany county, announced his intention of straightening the traveled road of the Short Tract highway running through plaintiff's farm, which project contemplated the removal of two balm of Gilead trees standing about on the eastern edge of the ditch on the east side of the worked portion of the highway in front of plaintiff's residence. The plaintiff to restrain defendant from removing these trees brings this action, alleging that they are not within the highway, and that such act would be a trespass, inflicting an injury to plaintiff's freehold for which he has no adequate remedy at law. The defendant contends that such trees are within the limits of the highway, standing about eight feet to the east of the center line, and, to straighten the line of travel, it is necessary that they be removed. The issues thus presented involve the establishment of the center line of the highway and the eastern boundary thereof in front of plaintiff's residence.

It is conceded by all the parties that there is a highway running north and south through the town of Allen, practically on a straight line for nearly five miles; that such highway is a very old road, being used as such since the earliest recollection of living witnesses; that its width between fences of adjoining owners is practically three rods for its entire length. In front of plaintiff's residence there is no fence, and there has not been since about 1881. Whether such highway in front of plaintiff's residence is a legally laid out highway of three rods width, or whether it is a highway by dedication or user, is the crucial question presented. If it is a highway by dedication or user, the trees in question are not within the highway, for the land whereon these two trees stand has never been actually used for highway purposes. Whether it is a legally laid out highway depends upon the compliance

with the requirements of the statute in force at the time it is claimed it was laid out as a highway. On the 14th day of April, 1814, there was recorded in the office of the clerk of the town of Allen a paper reading as follows:

"Short Tract Road. April 7, 1814. Surveyed Nunday road beginning at a post standing on the line of townships 5 and 6 marked 4-5-36-37, thence south 26.00 branch rush creek run westerly, same 4.00 creek run westerly, same 50.00 to a post one mile. South 40.00 to a post. South 16° E. 18.00 to a post. South 22.00 to a post marked 2 miles south 80.00 to a post marked 3 miles. South 80.00 to a post marked 4 miles. South 80.00 to a post marked 5 miles. South 34.50 to a post Robert Barr sugar camp. South 9° E. to a post east side Baker Creek. South 56° E. 5.00 Dansville road.

"Moses Van Campen, Surveyor.

"John Hooker,   ⎫

"Isaac Ranson,  ⎬ Com'rs.

"April 14, 1814.

    "Daniel Lawrence, T. Clerk."

The only statute in force on the date of the recording of this instrument was chapter 33, 2 Rev. Laws 1813, passed March 19, 1813. Section 47 of this statute expressly repeals all public acts relative to highways in this state. There was no act of the Legislature from March 19, 1813, to April 14, 1814, upon the subject of laying out highways. By the act of 1813 the commissioners of highways were given power and authority to "lay out on actual survey such new roads in the several towns as they may deem necessary and proper." The act of 1813 does not specify what shall be done by the commissioners of highways to constitute a laying out of a highway. It is not provided by that statute how or in what manner a highway should be laid out. The statute does not provide in any manner the practice or procedure for the laying out of a highway through unimproved or wild land. The statute does not require the commissioners to make a formal written order declaring the surveyed lands to be a highway. It is uncertain whether an order was to be signed by the commissioner. The statute uses the words "determination of the commissioners," and requires the town clerk to post a copy of any order that shall be recorded, but it is impossible to reach the conclusion that the paper filed and recorded April 14, 1814, was not the laying out of this highway on actual survey. The fact is that there is now and for more than 50 years there has been a highway on the line described in this survey. There is, in fact, a highway laid out on the ground on an actual survey. If "lay out on actual survey" means the locating and establishing a new highway, if "lay out" means the making of a survey and its adoption by the commissioners, then this Short Tract road is a laid out highway under the statute of 1813. The paper is headed "Short Tract Road." It is a matter of history that practically all of the towns of Allen and Granger were originally owned by a man named Short. The lands were known as his tract of land. The road runs for five or more miles through this land, precisely upon the surveyed line. The name given by this paper, recorded April 14, 1814, as being the Short Tract road, surveyed April 7, 1814, as the Nunda road, means the principal highway extending southerly from Nunda village, in Livingston county, through the Short tract of land. When the line surveyed is thus iden-

tified and described, it is clear that the Short Tract road was then and thereby established and laid out on the line surveyed. This paper was signed by two commissioners. It was recorded in the office of the town clerk. If the paper had read "Short Tract road is hereby laid out and determined as follows," and then followed the description, none would doubt its efficacy to legally lay out and legally establish the highway. The statute did not require a mere survey of the road to be signed by the commissioners. The statute did not require a mere survey of the road to be recorded. The fact that this paper was signed by the commissioners and recorded is very significant, and it is easy to reach the conclusion that it was deemed and treated as something more than a mere survey; that it must be treated at this late day as the laying out of a legal highway. Whatever irregularities there may have been in the acts of the commissioners in the laying out of this highway in 1814 were confirmed by chapter 198, § 8, Laws 1826, "provided such commissioners or any two of them shall have caused a survey of such roads or highways to be filed and recorded in the office of the town clerk." The statement in Iselin v. Village of Cold Spring, 120 App. Div. 576, 105 N. Y. Supp. 184, that the remedial statute of 1826 can have no probative force unless it appears that the highway was in use or that it was laid out by having the survey incorporated in an order signed by the commissioners, has no application to the Short Tract road, for the reason that section 55, 1 Rev. St. (1st Ed.) p. 513, pt. 1, c. 16, tit. 1, and Id., p. 521, pt. 1, c. 16, tit. 1, § 100, requiring such order, were not in existence in 1814. Those sections were added to the general highway act of 1813 by subsequent legislation and first appear in the Revised Statutes of 1828. In the last case cited there was no highway in fact, and the record of the survey does not pretend to describe a highway, nor does it appear that it was signed by the commissioners. In Parker v. Van Houten, 7 Wend. 145, it was held that, the commissioners of highways having in 1821 caused a survey of the road to be filed and recorded, the existence of the road as a public highway was fully established; and whatever irregularity may have happened in the laying out of the road was corrected by chapter 198 of the Laws of 1826.

The plaintiff asserts, however, that the laying out of a highway wide enough to inclose the two trees in question cannot be established by the paper recorded in 1814, that that paper only describes one line, and is silent as to the width. In People v. Commissioners of Redhook, 13 Wend. 310, it was held that, where in the laying out of a road by commissioners a single line is run, it must be intended to be the center of the road, unless something appears on the record of the commissioners to show that such was not their intention. This case is authority for the laying out of a highway under the statute then in force by simply giving a survey of a single line. The statute of 1813 provided that highways should be laid out not less than four rods wide. In 1826 this statute was amended so as to provide that such highways should not be less than three rods wide. The practical location of the boundaries of the Short Tract road seems to have been determined by the owners of land adjacent thereto by building their road fences 3 rods

apart, 1½ rods distant from the center line. This general plan was followed by such owners for upwards of four miles, and in front of plaintiff's residence at one time there was a fence on the east side of the highway and to the east of the two trees in question. This fence was in existence for about 10 years, but the proof does not show such fence to have been of sufficient importance to establish the dedication of the lands occupied by the trees in question for highway purposes, or to establish the width of the highway at that point.

In Lawton v. Cambridge, 2 Caines, 179, it is said:

"The eighteenth section of the act requires that all public roads to be laid out shall not be less than four rods. Where commissioners are silent with respect to the width, in our opinion the court ought to intend that the road is of that width."

Attention is called to no authorities holding that, where a highway has been laid out by a survey of the center line only, its width can only be determined by proof of actual user for 20 years. In Talmage v. Huntting, 29 N. Y. 447, Alpaugh v. Bennett, 59 Hun, 45, 12 N. Y. Supp. 398, People v. Judges, 24 Wend. 491, Harlow v. Hunniston, 6 Cow. 189, and Doughty v. Brill, 36 Barb. 488, the highways in question had not been laid out. In Mott v. Commissioners, 2 Hill, 472, the question was whether a proper notice to remove obstructions had been given. In Matter of Feeney, 20 Misc. Rep. 272, 45 N. Y. Supp. 830, it was held that section 90 of the highway law of 1890 (Laws 1890, c. 568) required the width of the highway to be stated by commissioners appointed to determine the necessity of a highway in their report to the County Court, which statute has relation to the duty of highway commissioners under the act of 1813.

In view of the statutory requirement of 1826 of at least three rods width, the location of road fences for miles, the eastern boundary in front of plaintiff's residence being plainly marked by the row of maple and other trees precisely in line with the acknowledged eastern boundary, both to the north and to the south for miles, the conclusion is reached that the Short Tract highway in front of plaintiff's residence at the points where are located the two balm of Gilead trees in question is three rods in width. From all the evidence the conclusion is reached that the center line of the Short Tract road lies 25 feet west of the center of the 16-inch maple tree standing next north of the plaintiff's driveway, and 10 feet west of the plaintiff's mail-box post, standing near to and north of such driveway. Such location of the center line of the highway places the center line of the highway 11.3 feet west of the northerly of the balm of Gilead trees in question, and 10.85 feet west of the southerly of the balm of Gilead trees in question.

It therefore is clear that the two trees in question are within the limits of the highway. They are within 11 feet of the line that marks the center of this country highway for five miles. For more than four miles the worked and traveled portion of the highway is substantially equally divided by the center line. At the point opposite of the trees in question the traveled road bears slightly to the west. To straighten the slight crook, or turn, around these trees and to properly grade the roadway, it is necessary to move the easterly ditch to the east. Plain-

tiff already has a row of shade trees across his premises in front of his residence substantially upon the true eastern boundary of this highway. The removal of the two trees in question standing out in the highway 15 feet from the eastern boundary can be of no injury to plaintiff. These two trees standing within 11 feet of the center line of this highway are subject to be removed by the defendant if in the exercise of his discretion as superintendent of highways it is deemed best for the public interest to remove them, for the purpose of improving the highway. In making such removal and improving the highway as contemplated defendant must exercise a high degree of care to prevent any injury to the trees and shrubs standing substantially upon the eastern boundary of the three rod highway as hereby fixed in front of plaintiff's premises.

The temporary injunction must be vacated and plaintiff's complaint dismissed, with costs.

Let findings be prepared.