**In re SIMMONS et al.** (Supreme Court, Appellate Division, Second Department. June 27, 1913.) In the matter of the application and petition of J. Edward Simmons and others, etc., to acquire real estate, etc., in the city of Yonkers, etc.; Hill View Reservoir, Section No. 1, Parcel No. 4.

PER CURIAM. Order affirmed, with $10 costs and disbursements. See, also, 142 N. Y. Supp. 1144.

JENKS, P. J., not voting.

---

**SIROIS, Appellant, v. SIROIS et al., Respondents.** (Supreme Court, Appellate Division, Second Department. May 29, 1913.) Action by Arthur Sirois against Alexandrine Sirois and others.

PER CURIAM. Order of reference, and order denying motion to vacate, reversed, without costs, and order of reference vacated, without costs, upon the ground that the court was without power to grant the order of reference. See, also, 140 N. Y. Supp. 1146.

---

**SKINNER v. ERIE R. CO.** (Supreme Court, Appellate Division, Second Department. June 6, 1913.) Appeal from Trial Term; Orange County. Action by Frances Skinner, as administratrix of John A. Skinner, deceased, against the Erie Railroad Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Affirmed. John Bright, of Middletown, for appellant. Rosslyn M. Cox, of Middletown (Abram F. Servin, of Middletown, on the brief), for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

JENKS, P. J., and RICH and STAPLETON, JJ., concur.

BURR, J. I vote to reverse, upon the ground that the verdict is against the weight of the evidence. Defendant is not liable unless the "pusher engine" moved forward. All of the direct evidence given by every witness called by the plaintiff or by the defendant is to the effect that it did not move. As against this, plaintiff contends that if the head of the train stopped *exactly* where the witnesses say that it did, and if the pusher engine stopped in the first instance *exactly* where some of the witnesses say it did, and if the body was found *exactly* where Taylor and Cook say that it was, the pusher engine must have moved, since otherwise the rear of the caboose and the front of this engine could not have come in contact. The measurement of distances by witnesses under such circumstances, and the exact location of a body after an accident resulting in death, are circumstances about which witnesses may be both honestly and easily mistaken. On the other hand, the engineer and fireman and the other employés of the railroad company could not be mistaken as to whether the engine moved or not. Either it did not move, or they deliberately testified falsely. Positive evidence of a certain character like this, not improbable, and where the witnesses are neither impeached nor their testimony shaken on cross-examina- tion, is not overcome by evidence so uncertain and liable to error as that upon which plaintiff must depend to sustain her verdict.

THOMAS, J., concurs with BURR, J.

---

**SKINNER, Respondent, v. WATSON, Appellant.** (Supreme Court, Appellate Division, Second Department. June 6, 1913.) Action by Arthur C. Skinner against Everett Vail Watson. No opinion. Motion to open default granted, on condition that appellant pay plaintiff $25 costs, perfect his appeal, place the case on the next calendar, and be ready for argument when reached; otherwise, motion denied, with costs.

---

**SMITH, Appellant, v. ESS, Respondent.** (Supreme Court, Appellate Division, Fourth Department. June 11, 1913.) Action by Frank Smith against Charles Ess. No opinion. Judgment (125 N. Y. Supp. 450) affirmed, with costs.

---

**SMITH, Respondent, v. FREEPORT R. CO., Appellant.** (Supreme Court, Appellate Division, Second Department. July 25, 1913.) Action by Samuel R. Smith against the Freeport Railroad Company. No opinion. Order affirmed, with $10 costs and disbursements.

---

**SMITH, Appellant, v. F. W. DEVOE & C. T. RAYNOLDS CO., Respondent.** (Supreme Court, Appellate Division, Second Department. June 6, 1913.) Action by Thomas Smith, an infant, by Michael Smith, his guardian ad litem, against the F. W. Devoe & C. T. Raynolds Company. No opinion. Order setting aside verdict unanimously affirmed, with costs.

---

**SMITH, Appellant, v. NEW YORK EVENING JOURNAL PUB. CO., Respondents.** (Supreme Court, Appellate Division, First Department. June 6, 1913.) Action by George H. Smith against the New York Evening Journal Publishing Company. E. Putney, of New York City, for appellant. M. De Witt, of New York City, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See, also, 141 N. Y. Supp. 1145.

---

**SMITH, Appellant, v. SUN PRINTING & PUB. ASS'N, Respondent.** (Supreme Court, Appellate Division, First Department. June 6, 1913.) Action by George H. Smith against the Sun Printing & Publishing Association. E. Putney, of New York City, for appellant. C. A. Mead, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See, also, 141 N. Y. Supp. 1145.

---

**SMITH, Respondent, v. VALENTINE, Appellant.** (Supreme Court, Appellate Division, Second Department. June 13, 1913.) Action by John H. Smith against Benjamin E. Valentine. No opinion. Order affirmed, with $10 costs and disbursements.

---

**SMITH, Respondent, v. WESTCHESTER FIRE INS. CO., Appellant.** (Supreme Court, Appellate Division, Second Department. July