## TRYON *against* MOONEY.

A. leased a        IN ERROR, on *certiorari,* from a justice's court. *Mooney* sued
farm to B. &
in an action by *Tryon,* before the justice, on a due bill, given for wheat, for twen-
B. against A.
he pleaded by ty-three dollars. The defendant below offered to prove, by way
way of set-off,
a demand    of set-off, that he had pastured horses for the plaintiff to the value
for pasturage of 15 dollars; that after the defendant had, by deed, leased
founded on a
parol  agree- his farm to the plaintiff, it was agreed between them, that the
ment, made at
the time of the plaintiff was not to have the pasture of the farm, except for the
lease, that B.
was not to use use of his team, when at work on the farm, and that if the plaintiff
the  *pasture* used the pasture, he was to allow the defendant for it. This evi-
land, without
allowing  A. dence was objected to by the plaintiff below, and rejected by the
for it. It was
held that this justice, who gave judgment for the plaintiff, for the twenty-three
parol  agree- dollars.
ment  was
without con-
sideration, and
void.             *Per Curiam.* The parol agreement set up, by way of set-off,
was without consideration, and, consequently, null and void. The
interest in the farm, and the possession of it, and which included
the right of pasture, was vested in the plaintiff, by lease, under
seal. An agreement that a party will not use his own pasture, in
his own possession, without paying for it, requires a consideration
as well as a promise in writing, to give it validity; and there does
not appear to have been either. The evidence was, therefore,
properly overruled.

                                             Judgment affirmed.