TOWN OF SARDINIA, Respondent, *v.* DAVID BUTLER, Appellant.

*Notice of an encroachment upon a highway, under chapter 568 of 1890 — when sufficient — highway presumed to have been laid out on its true line — allegation of a highway by user does not preclude proof of a recorded highway.*

A notice served under chapter 568 of the Laws of 1890, upon a person who had neglected to remove an encroachment made by him upon a highway, after stating in substance that the highway commissioner — having ascertained that the highway was encroached upon on the north side along such person's land, by fences erected by him or by some former occupant, which formed a part of the inclosure of said land — had caused a survey to be made and ascertained the northerly bounds thereof along such person's land, provided in terms, "and that said fence or fences encroaches upon said highway along the whole of your said land to the westerly line thereof at different distances, ranging from seven feet four inches to fifteen feet (as more particularly appears by reference to a map thereof, now in my possession, and which you are at liberty to inspect at any time), and that all the narrow strip or piece of land which lies under said fence or fences and between said fence or fences and the northerly line of said highway is a part of the public highway aforesaid," following which was a direction to remove the fence within twenty days.

*Held,* that the description of the encroachment therein contained was, under the circumstances, a compliance with the statute, which simply requires a description specifying the extent and location of the encroachment;

That the purpose of chapter 568 of the Laws of 1890, in requiring notice to be served upon a person encroaching upon a highway, was to inform him of the particulars of the encroachment, so that he could, if he desired, remove the same.

The presumption is, after a lapse of twenty-five years, that a highway was laid out upon its true line as contained in the order laying out the same.

FIFTH DEPARTMENT, JUNE TERM, 1894.                [Vol. 78.

In an action brought to recover the penalty provided by statute for an encroach-
ment upon a highway, where the plaintiff alleges the existence of a highway
by user simply, he can recover under such complaint as well for a recorded
highway as for one created by user.

APPEAL by the defendant, David Butler, from a judgment of the
Supreme Court in favor of the plaintiff, entered in the office of the
clerk of the county of Erie on the 22d day of August, 1893, upon
the verdict of a jury rendered after a trial at the Erie Circuit, and
also from an order entered in said clerk's office on the 22d day of
August, 1893, denying the defendant's motion for a new trial made
upon the minutes.

*A. J. Knight,* for the appellant.

*Willard H. Ticknor,* for the respondent.

LEWIS, J.:

This action was originally commenced in a Justice's Court to
recover the penalty provided by section 105 of chapter 568 of the
Laws of 1890, to be recovered of a person who shall neglect to
remove an encroachment made by him upon a highway, after he
shall have been duly notified to remove the same.

The defendant interposed the plea of title to the land, and there-
upon the Justice Court action was discontinued and this action was
thereafter commenced in this court.

The defendant was the owner of a farm upon the north side of
the highway in question. The highway was laid out and recorded
in the year 1822; it was worked and used as a three-rod road from
the time it was opened down to the time of the commencement of
this controversy, in all some fifty or sixty years.

The defendant purchased his farm about the year 1866, and along
about 1872 he caused a survey of this highway to be made, and
finding, as he supposed, that it was not laid out according to the
original survey, he caused his road fence to be moved to the south,
out into the road along the entire length of his farm, upon a line
where he claimed the true survey located the north line of the
highway.

The highway, as it was originally laid out, was worked and used
by the public. Its boundaries along opposite the defendant's farm

had become clearly marked and designated by fences, dwelling houses and other improvements located along and contiguous to the road. The highway commissioner served upon the defendant a notice to remove the encroachment, which the defendant neglected to do, and this action was commenced. The plaintiff recovered a verdict for the twenty-five dollars penalty provided for in the act.

The principal question raised by the defendant is as to the sufficiency of the notice served upon him to remove the encroachment. The statute provides that " the commissioners of highways shall serve upon the owner or occupant of lands adjoining that part of a highway within their town in which any obstruction or encroachment may exist, a notice specifying the extent and location of such obstruction or encroachment, and directing such owner or occupant to remove the same within a specified time, not more than sixty days after the service of the notice " (§ 105, chap. 568, Laws of 1890), and provides a penalty of twenty-five dollars for a neglect or refusal to remove the obstruction.

As stated, the boundaries of the highway had been established for many years on the line of the original survey and were plainly to be seen. The defendant was well acquainted with them; believing them to be erroneously located he caused the fences complained of to be moved into the highway.

The notice served upon him was, in substance, that the highway commissioner, having ascertained that the highway was encroached upon, on the north side along defendant's lands, by fence or fences erected by him, or by some former occupant, and which forms a part of the inclosure of said land, that he had caused a survey to be made and ascertained the northerly bounds thereof along the defendant's land, " and that said fence or fences encroaches upon said highway along the whole of your said land to the westerly line thereof at different distances, ranging from seven feet four inches to fifteen feet (as more particularly appears by reference to a map thereof, now in my possession, and which you are at liberty to inspect at any time), and that all the narrow strip or piece of land which lies under said fence or fences and between said fence or fences and the northerly line of said highway is a part of the public highway aforesaid." And then follows a direction to remove the fence within twenty days.

The defendant claims that the extent and location of the encroachment were not sufficiently definite. The purpose of the statute in requiring the notice obviously is to inform the party who, it is claimed, has encroached upon a highway of the particulars of the encroachment, so that he can, if he desires, remove it. This notice accurately describes the extent of the encroachment so far as concerns its length; he is told that it extends the whole length of his farm, which was, as appears from the evidence, about 250 rods.

The width of the encroachment is stated to be from seven feet four inches to fifteen feet. While the notice was somewhat indefinite as to the extent of the encroachment, it would have been impracticable to have accurately mentioned the exact distances for the entire length of the defendant's farm; the defendant was informed by the notice that a map giving a more particular description of the encroachment was in the hands of the highway commissioner of the town, which he was at liberty to see at any time if he wished so to do. This map was produced upon the argument. It contains an accurate, detailed description of the extent of the encroachment.

It may be true, as claimed by the counsel, that the defendant was under no legal obligations to visit the commissioner with a view of inspecting the map. He was at liberty, however, so to do, and it is entirely apparent from the record before us that he was not in any manner misled or influenced in his action by the insufficiency of the description in the notice, his claim being that the true location of the north line of the road was upon the line of the fence as built by him.

If he had desired to comply with the directions in the notice he could have done so, for he knew the location of the fence as it was before he moved it. We are of the opinion that the description of the encroachment in the notice, in view of the information the defendant had of the old line, and in view of the information that he was at liberty to obtain, by an inspection of the map, should be held, under the circumstances, to have been a compliance with the statute.

Under the former act, providing for the notice of obstructions upon highways, the commissioner was required to specify the breadth of the road originally intended, the extent of the obstruction or encroachment, and the place or places where the same shall be.

It was held in *Spicer* v. *Slade* (9 Johns. 358); *Doughty* v. *Brill* (36 Barb. 494), and *Mott* v. *Commissioners of Highways of Rush* (2 Hill, 472) that a failure to give a description of the encroachment in the notice was fatal to the plaintiff's right to recover.

There is, it will be observed, a difference between the requirements of the notice in the two acts. Under the act of 1890 it is not necessary to mention the width of the road originally intended. Under the former act the extent of the obstruction or encroachment and the place or places where the same shall be, were required to be stated. Under the present act the notice simply requires a description, specifying the extent and location of such encroachment.

The complaint alleged that it had become a highway by user for more than twenty-five years prior to the wrongful acts of the defendant, of the width of at least three rods, and that by the constant and continuous use thereof by the public for said period the town had acquired an easement therein, which was well known to the defendant.

The defendant, by his answer, denied each and every allegation of the complaint, and further denied that the place or places of said encroachment was a part of a highway or had ever been a highway; that the fences and alleged obstructions or encroachments along said highway are upon the lands of the defendant, and not within the limits of any highway, and denied that the plaintiff had any right of way thereon.

The plaintiff established the existence of the highway by evidence of user simply. The defendant produced record evidence of the survey and laying out of the road in 1822, and thereupon claimed that the burden was on the plaintiff to show, by affirmative evidence, that the highway was laid out according to the survey, and further, that as the plaintiff had alleged in its complaint a highway by user, it could not recover if the jury should find that it was a recorded road.

The court held that the presumption was, after such a lapse of time, that the highway was upon the true line as contained in the order, and that the plaintiff could recover under the complaint as well for a recorded highway as for one created by user. The rulings, we think, were right. We have examined the exceptions of the appel-

lant to the admission and rejection of evidence, and to the charge of the court, and find nothing in them calling for a reversal of the judgment.

The judgment and order appealed from should be affirmed.

DWIGHT, P. J., and HAIGHT, J., concurred; BRADLEY, J., not voting.

Judgment and order appealed from affirmed.