The foregoing considerations lead to an affirmance of the judgment.

Judgment and order affirmed, with costs.    All concur.

---

(11 Misc. Rep. 146.)

MOORE v. VILLAGE OF FAIRPORT et al.

(Supreme Court, Special Term, Monroe County.  December, 1894.)

1. MUNICIPAL CORPORATIONS—OBSTRUCTION OF STREET—NOTICE TO REMOVE.
    Where the village trustees established a line and grade for the construction of a new sidewalk in front of plaintiff's premises, and directed plaintiff to construct the sidewalk on such line, and he, notwithstanding, located it on a different line, a notice to him to remove the sidewalk to the established line need not give a specific description of the sidewalk.

2. SAME—IMPROPERLY LOCATED SIDEWALKS.
    Fairport village charter (Laws 1881, c. 638), authorizing the trustees to prevent the obstruction of any street, etc., to cause obstructions to be removed, to cause sidewalks to be graded, repaired, etc., and prescribe the manner of doing the same, and, on the failure of the owner to construct or repair a sidewalk as directed, to cause the same to be so done, and to collect the expenses by suit or assessment, gives the trustees power to remove to the established line a sidewalk constructed by the owner on a different line.

Action by Horace H. Moore against the village of Fairport and another.  Complaint dismissed.

William F. Cogswell, for plaintiff.
Walter S. Hubbell, for defendants.

ADAMS, J.   A careful consideration of the evidence in this case forces me to the conclusion that the north line of Church street, in the village of Fairport, as established by the Skinner survey, and as located upon both the Skinner and Peacock maps, is the one which must be adopted as the true line.   There are some facts and circumstances, as, for instance, the former location of the lot fences, which militate somewhat against this conclusion, but, nevertheless, the

balance of proof upon this issue seems clearly with the defendants; and, with this fact once established, it is impossible for me to see upon what theory the plaintiff can maintain his action, for whatever right he has must now rest upon the following facts, which, save in the one particular already adverted to, are practically undisputed: The trustees of the village of Fairport, by virtue of certain power and authority conferred upon them by the charter of that municipality, have assumed to establish a line and grade for the construction of a new sidewalk in front of plaintiff's premises upon the north side of Church street, and have directed plaintiff to construct such walk upon the line and grade so established, which it now appears are within the boundaries of the street. In defiance of this direction, the plaintiff has seen fit to locate his walk upon the line of a former walk, and a few feet south of the line designated by the trustees, whereupon the latter ordered him to remove the same within three days to the location established by them. Their power to do this is denied by the plaintiff, and whether or not he is justified in making this contention is the only question to be considered. In the view of the case which the learned counsel for the plaintiff appears to entertain, and which is so adroitly presented as to barely fail of conviction, the sidewalk in question can only be removed from the place where the plaintiff has located it upon the assumption that it is an encroachment upon or an obstruction to the highway itself; and even then such removal must be accomplished by the means provided by the statute relating to penalties for obstructing a highway, as it existed prior to the amendment of the highway law in 1890. This position, I am persuaded, however, is untenable for reasons which further examination will make manifest.

In the first place, if the assumption that this walk must be treated as an obstruction, and its removal accomplished by virtue of the power and authority residing in the trustees as commissioners of highways, be adopted, it would yet be capable of demonstration, I think, that, in their effort to compel a removal, they have substantially complied with the requirements of the existing statute, which, I take it, must control their action. This statute, which, in several essential particulars, is a modification of the provisions of the former statute, requires simply, as a condition precedent to the removal of highway obstructions by the commissioners, that the owner or occupant of the premises in front of which such obstructions exist should first have the opportunity to remove the same without the intervention of the commissioners, and to this end that a notice should be served specifying the extent and location of such obstructions, and requiring the owner or occupant to remove the same within a specified time, not more than 60 days after the service of the notice. Laws 1890, c. 568, § 105. As has been stated, the trustees did serve a notice upon the plaintiff which required him to remove his sidewalk to the line and grade established by them within three days, which, in view of the fact that he knew, when he constructed the walk, what action had been taken by the trustees, would seem to afford him ample time and opportunity to comply with their re-

quirements; and, inasmuch as he built the walk himself, any specific description thereof would hardly be necessary to apprise him of its extent and location. Town of Sardinia v. Butler, 78 Hun, 527, 29 N. Y. Supp. 481.

It will be observed that the provision which enabled the person responsible for an obstruction by denying the same to obtain a writ of inquiry, and thus to submit his rights to a jury of 12 freeholders, no longer exists. The elimination of this remedy, and the simplifying of the notice which highway commissioners are required to serve in cases of obstruction, were obviously designed by the legislature to afford a more summary method of dealing with cases of this character than existed under the former provisions; and, if this be true, the courts should not be overanxious to so construe the statute as to defeat the object sought to be attained. But, as already intimated, in my opinion the charter of the village of Fairport furnishes ample justification for the action taken by its trustees without compelling any resort to the highway laws. Among the powers conferred upon these officers by the provisions of such charter, the following may be enumerated, viz.: "To cause and direct the manner of making and repairing sidewalks, crosswalks and highways in said village." Laws 1881, c. 638, § 29, subd. 13. "To prevent the incumbering or obstructing, of any street, highway, crosswalk, sidewalk, sewer, ditch, gutter or sluice in said village, * * * and to cause such obstructions to be removed, and to assess the expense of such removal" upon the premises of the person responsible for the same. Section 30, subd. 14. "To cause the sidewalks in any street highway or lane to be graded, graveled, flagged, planked or repaired, and to prescribe and determine the manner of doing the same." Section 43. In the event of the failure of the owner or occupant of premises to construct or repair such sidewalk within the time and in the manner specified, to cause the same to be done, and to collect the expenses thereof by suit or assessment. Section 44. Thus, it will be seen that the legislature has not only clothed defendant's trustees with full authority to compel the construction of sidewalks in such manner and of such material as they may deem proper, but it has likewise empowered them to cause any obstruction to the sidewalks or highways of the village to be removed.

As was said by Denio, C. J., in the case of Walker v. Caywood, 31 N. Y. 51, 60:

"The power seems sufficiently broad to embrace this case. No notice to the proprietors is required. It may be said to be an extraordinary power, and one which might be readily abused. The defendants, however, seem to have proceeded with reasonable deliberation and indulgence, and, * * * if the locus in quo had been indisputably within a known and acknowledged street, probably no doubt could be entertained but that [they] were fully justified."

This case is therefore ample authority for the proposition hereinbefore advanced that, with the fact of the north line of Church street established in accordance with defendant's contention, nothing remains for plaintiff to rest his case upon. Possibly the application of a simple test will operate as an additional demonstration of the

correctness of that postulate. Suppose, therefore, that, instead of constructing the sidewalk where he did, plaintiff had followed the line and grade to which his attention was directed, with the single exception that at either end of the walk he had deflected it two or three feet to the south, so as to bring it out of line with the adjoining walks. It will hardly be contended, I assume, that the trustees would not in that case have the power, under the provisions of the charter hereinbefore quoted, to compel him to straighten his walk, and, in the event of his refusal to do so, to straighten it at his expense; and, if so, then why should they not be able to compel the removal of the entire walk the same distance? The truth is, this charter, like all similar charters, as well as the general act for the incorporation of villages, confers upon the trustees of the municipality authority over its highways and sidewalks, which is only limited by the requirement that it shall be exercised with a reasonable degree of judgment and discretion; and, were this not so, it would be exceedingly inequitable to impose upon them the duty and responsibility of keeping the highways, walks, and alleys free from obstruction, and in a good state of repair. The plaintiff, having failed to sustain his cause of action, must submit to a dismissal of the complaint, upon the usual terms.